Eleanor McAuliffe *vs.* Fred R. Metcalfe.

Middlesex.     December 13, 1934. — January 3, 1935.

Present: Rugg, C.J., Crosby, Field, & Lummus, JJ.

*Negligence,* Proximate cause. *Evidence,* Opinion: expert; Presumptions
    and burden of proof. *Practice, Civil,* Requests, rulings and instructions.

At the hearing of an action for personal injuries sustained in an auto-
    mobile accident, a finding, that a fracture of the plaintiff's coccyx
    had a causal connection with the accident, was warranted by evi-
    dence that the plaintiff was thrown somewhat violently in the accident,
    that he had been feeling well previous thereto and was ill for a time
    thereafter, that X-ray plates taken at the time of an operation on the
    plaintiff several years before the accident were negative as to the coc-
    cyx, and that plates taken after the accident showed a fracture of the
    coccyx, together with testimony by the physician who had operated
    on the plaintiff that the fracture was "possible from the accident."
A ruling given by the trial judge at the hearing above described, that the
    testimony of an expert that a certain injury is possible as a result of
    a hypothetical case of trauma does not sufficiently connect the in-
    jury with the trauma, was not decisive of the question of the causal
    connection between the accident and the fracture suffered by the

plaintiff, nor inconsistent with a finding, made by the trial judge on all the evidence, that there was such a connection.

The refusal of a ruling, requested at the hearing above described, to the effect that the testimony of the physician left the issue of causal connection "trembling in the balance," showed no error because the trial judge could not be required to rule upon the legal effect of a fragment of the evidence.

TORT. Writ in the Third District Court of Eastern Middlesex dated January 9, 1934.

The action was heard in the District Court by *Stone*, J., who found for the plaintiff in the sum of $2,750. Material evidence and rulings given and refused by the judge are described in the opinion. A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

*M. K. Campbell*, for the defendant.

No argument nor brief for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff while sitting in a stationary automobile which was struck by another motor vehicle operated by the defendant. The trial judge found that the plaintiff was in the exercise of due care and that the defendant was negligent, and made a general finding in favor of the plaintiff.

The plaintiff testified that when the accident occurred she was thrown somewhat violently forward and then backward; that she had been feeling very well for two years prior to the accident; that seven years before the accident she had been operated on by Dr. Broderick; that immediately following the accident she was sick in bed and away from her work for a considerable period; and that she was suffering from pain at the time of the trial, especially when sitting down and getting up. There was testimony from an X-ray expert that in his opinion there was a compressed fracture of the coccyx; others testified to the contrary. Dr. Broderick testified that the plaintiff received a fracture in the region of a previous fusion operation at the site of the third, fourth and fifth lumbar vertebrae and that

she received a compressed fracture of the coccyx; and that in his opinion the injuries which he found in the plaintiff "were possible from the accident." The X-ray plates were exhibited to the court. Those taken at the time of the previous operation were negative as to the coccyx; those taken after the accident showed what Dr. Broderick testified was a compressed fracture of the coccyx.

The defendant requested a ruling to the effect that the plaintiff had failed to show a causal connection between her injuries and the accident because there was no expert testimony showing such connection. This request was denied with the comment by the trial judge that on the basis of all the testimony in the case, including that of expert witnesses, he found that the injuries were the result of the accident. This denial was right. Although there was some conflict in testimony, the entire evidence warranted the finding that there was a causal connection between the accident and the plaintiff's injury. The testimony of the plaintiff as to her condition before and after the accident, and the difference between the X-ray plates before and after the accident in conjunction with the testimony of Dr. Broderick, were sufficient to support the finding. There is no rule of law that such causal connection must be shown by expert testimony alone. *DeFilippo's Case,* 284 Mass. 531, 534–535. *Sullivan* v. *Boston Elevated Railway,* 185 Mass. 602, 606. The trial judge gave the ruling that the testimony of an expert that an injury is possible as a result of a hypothetical case of trauma does not sufficiently connect the injury with the trauma; that ruling was not decisive of the case nor inconsistent with the finding for the plaintiff. The ruling was requested that the testimony of Dr. Broderick that it was possible for the plaintiff to receive the alleged fracture of the coccyx and the alleged incomplete fracture of the lumbar vertebrae leaves the issue trembling in the balance and the plaintiff cannot recover for these injuries. This request was rightly denied because the trial judge refused to rule upon the effect of the testimony of a single witness taken by itself. *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440, 444. *Ledoux*

v. *Perry*, 284 Mass. 365.   *Callahan* v. *Boston Elevated Railway*, 286 Mass. 223, 226–227.   No error is disclosed on the record.

*Order dismissing report affirmed.*