THOMAS F. JENNINGS vs. LESTER BRAGDON.

FRED JENNINGS vs. SAME.

Suffolk.    January 16, 1935. — February 26, 1935.

Present: RUGG, C. J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory.  *Evidence*, Competency, Admission.  *Pleading, Civil*, Declaration.

The questions, whether the defendant was negligent and whether the plaintiff was guilty of contributory negligence, were for the jury at the trial of an action for personal injuries, on evidence that when, on a rainy day on a straight, wide street, a motor truck turned suddenly in front of an automobile operated by the plaintiff, he applied his brakes, thus lighting his rear stop light, and turned to the left, so that his automobile collided only slightly with the truck; and that the plaintiff was injured when, several seconds after such collision, his automobile was struck violently from the rear by an automobile operated in the same direction by the defendant, who had had an unobstructed view of what was happening in front of him.

At the trial of an action for personal injuries resulting from a collision between an automobile operated by the plaintiff and one operated by the defendant, it was proper to exclude the declaration in another action for the same injuries previously brought by the same plaintiff against the operator of a third motor vehicle, which contained an allegation that such collision was caused "solely" by negligence of the third operator; the declaration being signed by the plaintiff's attorney and there being no evidence that such allegation was made by the plaintiff's authorization or was adopted by him; the mere fact that the plaintiff employed the attorney in the previous action was not enough to make the declaration admissible.

TWO ACTIONS OF TORT.  Writs dated June 11, 1930.

In the Superior Court, the actions were tried together before *Bishop*, J.  Material evidence is described in the opinion.  The declarations of the plaintiffs in their actions against Tucci were signed by their attorneys.

In the first action, there was a verdict for the plaintiff in the sum of $2,500 on a count for personal injuries, and a verdict for him in the sum of $500 on a count for damage to his automobile.  In the second action, there was a verdict

for the plaintiff in the sum of $200.   The defendant alleged exceptions.

*M. Z. Kolodny,* (*M. T. Prendergast* with him,) for the defendant.

*J. M. Russell,* for the plaintiffs.

QUA, J.   These are actions of tort for personal injuries sustained by the plaintiffs at about half past four in the afternoon of an April day while riding together in an automobile owned by Thomas F. Jennings and driven by Fred Jennings at the intersection of Main Street and Willow Street in Waltham, and for damage to the automobile.   The cases were tried together, and there were verdicts for the plaintiffs. The defendant now argues only those of his exceptions which relate to the denial of his motion for a directed verdict in his favor in each action and to the judge's exclusion of his offer in evidence of the declaration filed by each plaintiff in another action brought by him against one Tucci (hereinafter mentioned) to recover for the same injuries for which the present actions are brought.

Main Street runs east and west.   Willow Street runs in a southerly direction from Main Street.   The plaintiffs' evidence taken in its aspect most favorable to them tended to show the following facts:  The Jennings automobile was proceeding easterly on Main Street approaching Willow Street.   The defendant was also driving his automobile on Main Street in the same direction behind the Jennings automobile.   It was raining.   A large truck, heavily loaded, was being driven by Tucci on Main Street approaching Willow Street from the opposite direction.   The Jennings automobile and the truck were each proceeding at a speed of about twenty to twenty-five miles per hour and were each about the same distance from Willow Street.   Suddenly the truck, without giving any signal or slowing down, turned to its left toward Willow Street and "shot" in front of the Jennings automobile.   Fred Jennings "swung" to his left, applied his brake "as quickly as he could" and brought the Jennings automobile practically to a stop, when it came into collision lightly with the right rear wheel of the truck, which stopped at the same time.   No one was

hurt and the Jennings automobile was not damaged. One of the plaintiffs put his hand on the handle of the door and started to get out. Then the defendant's automobile struck the rear of the Jennings automobile a severe blow, drove it into the truck again, forced the head of one of the plaintiffs through the windshield, injured both plaintiffs and badly damaged the Jennings automobile. There was a space of a few seconds between the two collisions. The Jennings automobile was equipped with a stop light at the rear in working order. Main Street was straight and was forty-seven feet wide between curb lines. It is true that there was evidence, some of it coming from the plaintiffs themselves, which could lead to findings far more favorable to the defendant than as stated above, particularly as to the time which elapsed between the two collisions and the force of the second blow, but we discover nothing which bound the plaintiffs to the aspect less favorable to them. See *Whiteacre* v. *Boston Elevated Railway,* 241 Mass. 163; *Sullivan* v. *Boston Elevated Railway,* 224 Mass. 405.

On this evidence the judge would not have been justified in ruling as matter of law either that the injuries and damage resulted from negligence of the plaintiffs or either of them, or that they did not result from negligence of the defendant. Both questions were for the jury. The jury could well find that the driver of the Jennings automobile, confronted by a sudden emergency caused by the fault of the truck driver, did all that an ordinarily prudent driver would have done under the circumstances. As to the defendant's negligence, while it is true that no rule of *res ipsa loquitur* applies to a case of rear end collision, yet "Slight evidence of the circumstances . . . may place the fault." *Hendler* v. *Coffey,* 278 Mass. 339, 340. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 54. *Woolner* v. *Perry,* 265 Mass. 74. Although there was no direct evidence as to the conduct of the defendant in driving his automobile, the jury could find that he had an unobstructed view of all that was happening in front of him, that he could have seen the truck crossing the street and ought to have anticipated that it

might become involved with the Jennings automobile, that he had some further warning from Jennings's stop light and that the second collision was a violent one. From all the evidence, they could infer that the defendant was negligent, either in failing to observe or in failing to stop or in driving too fast or too near to the Jennings automobile.

There was no error in excluding the plaintiffs' declarations in their actions against Tucci. Although these pleadings, if the plaintiffs themselves had written them, might have had some value as admissions because of the statements contained in them that the accident was caused "solely" by the negligence of Tucci, yet no foundation was laid for their introduction by showing that these statements were made by the plaintiffs personally or by their authorization or were adopted by them. The fact that they employed an attorney who drew the declarations with this averment in them, standing alone, is not enough, under the decisions, to make them admissible. Such an allegation belongs to that class of formal statements which, in the absence of further proof, are assumed to have originated with counsel rather than to the class of statements of particular fact which can be inferred to have originated with the client himself. *Dennie* v. *Williams*, 135 Mass. 28. *Clarke* v. *Taylor*, 269 Mass. 335, and cases cited.

In each case the entry will be

*Exceptions overruled.*