Hillsborough, }
Nov. 4, 1936. }

JOHN J. BRESNAHAN

*v.*

MANCHESTER COAL & ICE CO.

MARY A. BRESNAHAN *v.* SAME.

*Aloysius J. Connor*, for the plaintiffs.

*John J. Sheehan*, for the defendant.

MARBLE, J.  The accident occurred in Manchester on March 2, 1934.  John J. Bresnahan (hereinafter called the plaintiff) was driving north on Union Street.  As he crossed the intersection of Union and Merrimack Streets several cars approached him from the opposite direction.  A car was parked on the east side of Union Street about fifty feet north of the intersection, and since there was not sufficient room between this car and a snow bank on the west side of the highway to permit the plaintiff to pass the approaching cars, he brought his automobile to a stop just back of the parked car.  As he waited there for the passing of the south bound traffic the defendant's truck, going north, struck the rear of his car, causing the damage and injuries complained of.

The plaintiff and the driver of the truck were the only witnesses who testified at the trial.  The plaintiff did not see the collision, and the truck driver's testimony amounts to hardly more than the bare assertion that he was delivering coal for the defendant and that his truck "was involved" in the accident.

Counsel for the defendant contends that the motions for nonsuits and directed verdicts should have been granted because there is no evidence of the defendant's fault.  He argues that the doctrine of *res ipsa loquitur*, as stated in *McCourt* v. *Travers*, 87 N. H. 185, 186, is inapplicable since it is quite as probable that the accident was caused by the unavoidable skidding of the truck on the snow and ice as by the negligence of the driver.

This contention is without merit.  It is based solely on the absence of direct testimony and ignores the circumstances attending the accident.  The plaintiff testified that, although there was snow on the ground, he had no difficulty in driving or in stopping his car.  This would indicate that the road was not slippery at or near the point of collision.  The truck did not slide sidewise into the automobile, as a skidding car would be likely to do, but struck it a direct blow in the rear, bending the gasoline tank and pushing the car forward.

An automobile passed, going south, "just about the time of the crash."  It is not improbable that the truck driver, intending to stop back of the plaintiff and let this car go by, failed to apply his brakes quickly enough.  The plaintiff did not stop suddenly in front of the truck but had been waiting there "a minute or so" when the collision occurred.  Just before he stopped he looked in his mirror and saw no car approaching from behind.  Apparently the truck driver had an unobstructed view of the plaintiff's car.  He gave no warning signal.

These facts make superfluous any discussion of the rule of *res ipsa loquitur*. From all the evidence the jury could properly infer that the truck driver was negligent "either in failing to observe or in failing to stop or in driving too fast or too near to" the Bresnahan car. *Jennings* v. *Bragdon*, 289 Mass. 595, 598. No question of agency or of contributory fault is raised. The plaintiffs assumed no greater burden than that of making it a little more probable than otherwise that the collision was caused by the defendant's negligence. They were not bound to disprove the existence of all other possible causes. *Upton* v. *Company*, 81 N. H. 489, 492, and cases cited.

*Exceptions overruled.*

All concurred.