Pettingell, J.
Action in tort for personal injuries and property damage resulting from a collision of automobiles. There was a finding for the plaintiff in the amount of two hundred and fifty dollars on the count for personal injuries, and for seventy-five dollars on the count for property damage. The trial judge found as fact that the plaintiff’s car, driven by the plaintiff and containing a passenger (a plaintiff in another action), was being operated on a highway in Quincy at about 1:30 P. M. and had come to a stop about ten feet behind a standing street car discharging and. taking on passengers. “While stationary and in this position, a truck operated by the defendant upon the same highway and in the same direction ran into the rear of the plaintiff’s automobile driving it ahead about twelve feet. The automobile was damaged and ¡both plaintiffs were injured.”
The only claim of error is based upon the denial of two requested rulings which are as follows:
“1. There is insufficient evidence to support a finding that the plaintiff’s alleged injuries were caused by the negligence of the defendant, his agents, servants or employees.
*154 “2. The fact, if it be a fact, that the motor vehicle of the plaintiff while stopped on a public way was collided with from the rear by a motor vehicle operated 'by the defendant’s agents, servants or employees, is not of itself evidence of negligence.”
The trial judge denied the first request, and denied the second “as worded” and ruled “under ordinary circumstances a person who so operates an automobile in the day time that it comes into contact with a stationary vehicle in front would be guilty of negligence. (Frederick L. Woolner vs. Roger N. Perry, 265 Mass. 74.) ”
Photographs were in evidence in the district court showing the extent of the damage to the plaintiff ’s vehicle. These were not produced at the argument in the Appellate Division. At the close of the plaintiff’s evidence in the district court, the defendant rested.
The defendant contends that the case must be treated as one of a rear end collision where there is no evidence of the attendant circumstances, insisting, in particular, that in considering the evidence no weight is to be given to the fact that the plaintiff’s ear was moved twelve feet or that the occupants of the plaintiff’s car were injured. In other words, the defendant’s contention is, that there being no direct evidence of any fault on the part of the defendant, the physical results of the collision cannot be considered as evidence.
It is well settled that the rule of res ipso loquitur does not apply to rear end collisions. Sandler v. Boston Elevated Railway, 238 Mass. 148, at 149. Reardon v. Boston Elevated Railway, 247 Mass. 124 at 126. Washburn v. R. F. Owens Co., 252 Mass. 47, at 54. Hendler v. Coffey, 278 Mass. 339, at 340. Jennings v. Bragdon, 289 Mass. 595, at 597.
*155 In Hendley v. Coffey, supra, the court said, at page 340, 11 Slight evidence of .the circumstances, however, may place the fault.” Noble v. American Express Co., 234 Mass. 536, at 537. Jennings v. Bragdon, 289 Mass. 595, at 597. Buda v. Foley, Mass. Adv. Sh. (1939) 365, at 366.
It was said in Jackson v. Anthony, 282 Mass. 573, at 5.74, “Ordinarily the exterior indications of the point of contact of two colliding vehicles would he likely to furnish a jury with grounds on which they, without aid, might draw all justifiable inferences as to the angle of incidence of the vehicles at the time of the impact and the positions thereof first in contact.” In Smith v. Hogan, 282 Mass. 573, at 574, the physical condition of the defendant’s car after the impact, the distance that the defendant’s car travelled after striking the intestate, and the further fact that the collision was of such violence as to break several bones of the intestate, were held to be sufficient evidence to establish the defendant’s negligence.
In Barrett v. Checker Taxi Co., 263 Mass. 252, at 254, the court said, “the effect of the contact of the automobile with the plaintiff had some tendency to show its. speed.” In Meeney v. Doyle, 276 Mass. 218, at 220, it was held that testimony that a solidly imbedded boulder was. moved twenty feet would support an inference of no little velocity of the automobile.
The defendant contends, however, that despite the possibility of such inferences, there must be direct evidence of conduct on the part of the defendant amounting to negligence. But neither in Smith v. Hogan, supra, nor in Jennings v. Bragdon, 289 Mass. 595, was there any such direct evidence and each case was decided on possible inferences of negligence from the circumstances of the collision.
In Jennings v. Bragdon, supra, at 597, the court said,
“Although there was no direct evidence as to the conduct of the defendant in driving his automobile the jury could *156 find that he had an unobstructed view of all that was happening in front of him, that he could have seen the truck crossing the street and ought to have anticipated that it might become involved with the Jennings automobile, that he had some further warning from the Jennings’s stop-light and that the second collision was a violent one. From all the evidence they could infer that the defendant was negligent, either in failing to observe or in failing to stop or in driving too fast or too near the Jennings automobile.”
In cases such as the one under consideration, whether or not the defendant was negligent is a question of fact. Sullivan v. Boston Elevated Railway, 185 Mass. 602, at 605, 606. Sexton v. West Roxbury Sc. Street Ry., 188 Mass. 139, at 140. Logan v. Old Colony Street Railway, 190 Mass. 115, at 116. Woolner v. Perry, 265 Mass. 74, at 77. Riley v. Boston Elevated Railway, 265 Mass. 176, at 178. Guay v. Eastern Massachusetts Street Ry., 277 Mass. 133, at 134. Jacobs v. Moniz, 288 Mass. 102, at 107. Jennings v. Bragdon, 289 Mass. 595, at 597. Hladick v. Williams, 292 Mass. 470, at 473.
The defendant’s first request raises the issue of the sufficiency of the evidence to warrant a finding of the defendant’s negligence. -The undisputed facts show an electric car at a stop, the plaintiff’s car stationary behind the electric car, a collision in which the defendant’s automobile struck the plaintiff’s car from behind, the plaintiff’s automobile moved ahead twelve feet by the impact, damage to the plaintiff’s automobile, and injury to its two occupants. In addition to the foregoing, photographs of the injury to the plaintiff’s automobile were put in evidence, giving the trial judge an opportunity to see the nature and extent of the damage, and to form inferences of fact as to the cause of the collision upon which we cannot pass because the photographs are not a part of the report and were not ex *157 hibited to us when the ease was argued. The burden was upon the appellant to show error by a sufficient record. Failure by him to include enough in the record to show error is fatal to the appeal. Barnes v. Loomis, 199 Mass. 578, at 581. Posell v. Herscovitz, 237 Mass. 513, at 516, 517. Germain, petr., 258 Mass. 289, at 298. DeFelippo v. Di Pietro, 265 Mass. 186, at 188, 189. Gilchrist v. Boston Elevated Railway, 272 Mass. 346, at 350. Vengrow v. Grimes, 274 Mass. 278. Thayer v. Thayer, 277 Mass. 256, at 260. Lenehan v. Travers, 288 Mass. 156 at 160. Kolda vs. National Ben Franklin Fire Ins. Co., 290 Mass. 182, at 184. In the absence of the photographs we are unable to say what inferences may have been warranted; consequently, we cannot say that there was not sufficient evidence to warrant a finding of negligence.
We believe, however, that there was such evidence, even without aid from the missing photographs. The plaintiff and the defendant were operating automobiles on a highway in Quincy. The plaintiff was at a standstill, ahead of him was an electric car, also stopped. Thus there were directly ahead of the defendant and within his vision, whether the weather was good or bad, two stationary objects, one of considerable size. The fact that they were at a standstill when the defendant arrived allows the inference that they were some distance ahead of him when they stopped. The fact that his truck struck the plaintiff’s car with enough violence to move it ahead twelve feet and injure both the occupants, warrants the inference that his speed was more than was reasonable and proper under such conditions. In the words of Jennings v. Bragdon, 289 Mass. 595, the trial judge i 1 could infer that the defendant was negligent, either in failing to observe or in failing to stop or in driving too fast or too near the plaintiff’s automobile.”
*158 It is to be noted that there was no evidence offered by the defendant, and no explanation of his conduct in colliding with the plaintiff ’s car. In this aspect of the case we are of opinion that it is within the class of cases in which it has been held that an explanation is demanded from the defendant “if something more than negligence is the cause of the happening”. Washburn v. R. F. Owens Co., 252 Mass. 47, and 54, 55; and that where such an explanation is lacking, an inference of negligence, is permissible. Magee v. New York, New Haven & Hartford R. R., 195 Mass. 111, at 113. See, also, Copson v. New York, New Haven & Hartford R. R., 171 Mass. 233, at 234. Navien v. Cohen, 268 Mass. 427, at 431. Bryne v. The Great A. & P. Tea Co., 269 Mass. 130 at 131. Hendler v. Coffey, 278 Mass. 339, at 341. Hunt v. Lane Bros. Co., Mass. Adv. Sh. (1936) 1367, at 1372. Garrett v. M. McDonough Co., Mass. Adv. Sh. (1937) 349, at 351, 352.
In our opinion, there was no prejudicial error in the denial of the requested ruling. Nor do we find any in the denial of the second requested ruling. The trial judge denied it “as worded”. As worded, it contained among the facts upon which is predicated no mention of those facts which show the violence of the collision, the damage to the automobile or the injuries sustained by the occupants of the car. In. its emasculated condition it was not applicable to the issues before the trial judge. He was not required to give a ruling based upon a portion, only, of the evidence. Smith v. Import Drug Co., 253 Mass. 368, at 371. Glass v. Metropolitan Life Ins. Co., 258 Mass. 127, at 132. DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 324. Caruso v. Shelit, 281 Mass. 196, at 200. Ledoux v. Perry, 284 Mass. 365, at 366.. Conrad v. Mazman, 287 Mass. 229, at 237. Dillon v. Framingham, 288 Mass. 511, at 514.
*159 The defendant contends, also, as to this request, that it was prejudicial error for the trial judge to follow as a governing principle the words quoted from Woolner v. Perry, 265 Mass. 74, at 77, appearing in his denial of the first requested ruling to the effect that “Under ordinary circumstances a plaintiff who so operates an automobile that it comes into' collision with a stationary or moving* vehicle in front would be guilty of contributory negligence”. These words are followed in the opinion in Woolner v. Perry, by the word's, “This, however, is not an absolute rule of law. Each case must be decided upon its own facts * * Even if the words quoted by the trial judge are to be regarded apart from the words which follow, but were not quoted by him, we see no error. The opening words, “Under ordinary circumstances”, refer to a situation where there is no interference, human or mechanical, with the driver’s control and operation of his car, where attendant circumstances are regular, usual and normal, and any improper or disastrous resulting happenings are not due to external causes, or to causes beyond the driver’s control. In effect we do not see much difference between the rule stated in the quotation and that of Hendler v. Coffey, 278 Mass. 339. If there was any evidence warranting a finding of negligence the general finding should stand. ‘
No prejudicial error appearing, the report is to be dismissed.