WINIFRED G. COMEAU *vs.* GEORGE P. BECK.

Plymouth.    November 6, 1945. — January 4, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Proximate Cause. Evidence,* Admitted without objection.

Testimony by the plaintiff, admitted without objection at the trial of an action for personal injuries sustained by her in a collision of automobiles, that she was three months pregnant at the time of the collision and that she had a miscarriage nine days later, warranted a finding that she had suffered a miscarriage.

Testimony by the plaintiff at the trial of an action for personal injuries sustained by her in a collision of automobiles, that at the time of the accident she was three months pregnant, that she was "terribly jolted up" and thrown against the steering wheel of her automobile, that her

abdomen came in contact with the wheel, and that she experienced pain and was ill and nine days later had a miscarriage, together with testimony by a physician called by the defendant to the effect that a miscarriage might be produced by "some injury, [or by] the striking of the abdomen," warranted a finding that the miscarriage was caused by the accident.

TORT for personal injuries. Writ in the Superior Court dated December 2, 1943.

The case was tried before *Warner*, J. There was a verdict for the plaintiff. The defendant alleged exceptions.

*E. J. Campbell*, (*A. C. Doyle* with him,) for the defendant.

*G. W. Arbuckle*, for the plaintiff, submitted a brief.

SPALDING, J. The plaintiff testified that on October 19, 1943, the defendant's automobile "crashed" into the rear of an automobile that she was operating, causing her to be thrown against the steering wheel, and she was "terribly jolted up"; that her abdomen came in contact with the wheel and she experienced pain; that after the accident she was upset and sick and was obliged to stay in bed for a week; that she was nauseated and suffered pain; that at the time of the accident she was three months pregnant; and that on the ninth day following the accident she had a miscarriage. The plaintiff introduced no medical evidence. The defendant called as a witness a doctor whose testimony, based on an examination of the plaintiff about six months after the accident and on her medical history, was that there was grave doubt that she had suffered a miscarriage, and that, if she did, it was not as a result of the accident. He further testified, after reciting various symptoms that might be expected if the plaintiff's miscarriage was to be attributed to the accident, that "you would expect that there would be some injury, the striking of the abdomen or some violence that would produce a miscarriage."

The defendant excepted to the refusal of the judge to give the following instructions: "2. Unless the jury finds it is reasonably probable that the plaintiff suffered a miscarriage as the result of this accident, she cannot recover therefor. 3. It is conjectural and speculative whether the

plaintiff suffered a miscarriage as the result of this accident and she cannot recover therefor. 4. The plaintiff is not entitled to recover damages in this action for the alleged miscarriage." We need not discuss the second request because it was given in substance. See *Squires* v. *Fraska,* 301 Mass. 474, 476. The defendant contends in support of his exceptions to the refusal to give the third and fourth requests that the jury could not, unassisted by expert medical testimony, find that the plaintiff suffered a miscarriage, or, if they found that she had, they could not properly find that it was causally related to the accident. The defendant does not argue that the plaintiff was not entitled to recover for other injuries sustained by her.

We think that there was evidence that would warrant a finding that the plaintiff suffered a miscarriage. She testified that she was pregnant at the time of the accident and that she had a miscarriage nine days later. The defendant cannot now ask that this evidence be disregarded; it was admitted without objection and was entitled to its natural probative force. *DuBois* v. *Powdrell,* 271 Mass. 394, 397. *Mahoney* v. *Harley Private Hospital, Inc.* 279 Mass. 96, 100. *Ventromile* v. *Malden Electric Co.* 317 Mass. 132, 135.

A more difficult question is whether the jury could have found that there was a causal connection between the miscarriage and the accident. The plaintiff had the burden of establishing, by a fair preponderance of the evidence, the connection between the tortious act of the defendant and the injury sustained, and such connection cannot be left to surmise or conjecture. *Sullivan* v. *Old Colony Street Railway,* 197 Mass. 512, 515. *Falco's Case,* 260 Mass. 74, 77. *Green's Case,* 266 Mass. 355. The testimony of an expert that such causal connection exists, or probably exists, has been held sufficient. *Marlow* v. *Dike,* 269 Mass. 38. *Cooper's Case,* 271 Mass. 38, 40. *Rash* v. *Albert,* 271 Mass. 247, 252. *DeFilippo's Case,* 284 Mass. 531, 534. In the case last cited it was pointed out that expert testimony that merely shows "that such [causal] relation is possible, conceivable or reasonable, without more, leaves

the issue trembling in the balance" (pages 534–535). But there is no rule of law that this relation must be proved only by expert testimony. *McAuliffe* v. *Metcalfe,* 289 Mass. 67, 69. Expert testimony that an accident would be an adequate cause of subsequent disease has been held "sufficient, taken in connection with the plaintiff's testimony that his health was good before the accident." *Sullivan* v. *Boston Elevated Railway,* 185 Mass. 602, 606. See also *Sullivan* v. *Old Colony Street Railway,* 197 Mass. 512, 515; *DeFilippo's Case,* 284 Mass. 531, 535; *McAuliffe* v. *Metcalfe,* 289 Mass. 67, 69. In *Flynn* v. *Growers Outlet, Inc.* 307 Mass. 373, it was held that it could be found without the aid of medical evidence that the plaintiff's illness was caused by contaminated sausage meat which she had eaten. See also *Johnson* v. *Kanavos,* 296 Mass. 373, 376.

We think, although with some hesitation, that the plaintiff's testimony with respect to the accident and the condition of her health afterwards, in conjunction with the testimony of the defendant's doctor to the effect that a miscarriage might be produced by "some injury, [or by] the striking of the abdomen," was enough to support a finding that the plaintiff's miscarriage was causally related to the accident. *Sullivan* v. *Boston Elevated Railway,* 185 Mass. 602, 606. *Sullivan* v. *Old Colony Street Railway,* 197 Mass. 512, 515. *McAuliffe* v. *Metcalfe,* 289 Mass. 67, 69. *Flynn* v. *Growers Outlet, Inc.* 307 Mass. 373. There was therefore no error in the refusal to give the defendant's third and fourth requests.

*Exceptions overruled.*