RUTH SUTHERLAND vs. OTIS A. McGEE.

Suffolk.    November 6, 1952. — December 2, 1952.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence*, Motor vehicle, Contributory.

Evidence of the circumstances in which an automobile operated by the
plaintiff was struck from the rear by an automobile operated by the
defendant as the plaintiff was turning in to park on the right side of a
street on a day when it was raining warranted a finding of negligence
on the part of the defendant and did not require a ruling that the
plaintiff was guilty of contributory negligence.

TORT.    Writ in the Municipal Court of the City of Boston
dated December 4, 1951.

The action was heard by *Tomasello, J.*

*Robert Sullivan,* (*William B. Shevory* with him,) for the
plaintiff.

*Edward J. Cousins,* for the defendant.

COUNIHAN, J.    This action comes here upon an appeal
by the plaintiff from an order of a majority of the Appellate
Division of the Municipal Court of the City of Boston
vacating a finding for the plaintiff and directing the entry
of judgment for the defendant.

It is an action of tort for personal injury and property
damage arising out of a rear end collision between an auto-
mobile operated by the plaintiff and an automobile operated
by the defendant on Washington Street, Dorchester.    The
answer of the defendant was a general denial and con-
tributory negligence.

The defendant duly filed three requests: — "1. The
plaintiff has failed to show by a fair preponderance of the
evidence that her injury was caused through the negligence
of the defendant.    2. The plaintiff was contributorily
negligent.    3. The doctrine of res ipsa loquitur does not
apply to rear end collisions."    The judge denied all the

requests and found for the plaintiff. In passing on request numbered 3 he ruled, "inapplicable as I find on the facts that the defendant was negligent in the operation of his motor vehicle. As a proposition of law the statement of law is correct." The defendant duly claimed a report from the denial of his requests.

The report contains a summary of the testimony of the parties.

The findings of the judge must be sustained if the evidence reported considered in its aspects most favorable to the plaintiff supports them.

It has been said, "Evidence of the happening of a collision between the two motor vehicles — even if a rear-end collision — without evidence of the circumstances under which it happened is not proof of negligence of the operator of either of them. . . . Slight evidence of the circumstances, however, may place the fault." *Hendler* v. *Coffey,* 278 Mass. 339, 340. *Jennings* v. *Bragdon,* 289 Mass. 595, 597.

Here the evidence in the report discloses that the plaintiff was proceeding on Washington Street at a rate of speed of about five miles an hour and that she pulled in to park on the right side of the street. When the right front wheel of her automobile was about two feet from the curb, her automobile was struck in the rear by the automobile operated by the defendant. It was raining and the surface of the street was wet. The defendant's automobile was proceeding along Washington Street about fifteen feet behind the plaintiff at a speed of between ten and fifteen miles an hour. There was no obstruction to the view of the defendant.

On this evidence the judge could reasonably find that the defendant with an unobstructed view was negligent in failing to observe, or in failing to stop, or in driving too fast or too near the plaintiff's automobile on a street the surface of which was wet, when it was raining. *Jennings* v. *Bragdon,* 289 Mass. 595, 597–598.

By reason of G. L. (Ter. Ed.) c. 231, § 85, as appearing in St. 1947, c. 386, § 1, contributory negligence is a matter of affirmative defence to be proved by the defendant.

This presented a question of fact for the judge and we cannot say on the evidence that his ruling as to it was wrong.

It is to be noted that the report does not state that it contains all the evidence material to the questions reported. Rule 29 of the Municipal Court of the City of Boston (1940) as amended.[1] It may well be that there was other evidence at the trial which persuaded the judge to find and rule as he did. Compare *Hall* v. *Smith*, 283 Mass. 166, 167; *Cincevich* v. *Patronski*, 304 Mass. 679.

> *Order of Appellate Division reversed.*
> *Judgment for the plaintiff on the finding*
> *of the trial judge.*

---

[1] The pertinent portion of Rule 29 of the Municipal Court of the City of Boston (1940), as amended on May 13, 1948, effective June 1, 1948, provides: "Such draft report shall state the issues raised by the pleadings, shall set forth in clear and concise terms the rulings upon which the party seeking the report has requested and now asks a rehearing by the Appellate Division, the stage of the case at which, and the manner in which the same arose, how he claims to be prejudiced by such rulings, and any other facts essential to a full understanding of the questions presented. Such draft report shall generally as fully as may be follow the model elsewhere printed in these rules." The model therein referred to and appearing on pages 61–62 of said Rules has this language: "This report contains all the evidence material to the question reported."