*Southern District*

No. 6878

**PHILIP KALLER**

v.

**LEONA PHILLIPS**

November 28, 1954

*Sgarzi, J.* The plaintiff declares in this action of tort that the defendant caused damage to his building on Circuit Avenue in Oak Bluffs on March 23, 1953 by the negligent operation of an automobile. The answer is a general denial, contributory negligence and denial of agency.

The defendant duly filed the following requests for rulings:

1. The evidence warrants a finding for the defendant.

2. The defendant is not liable for damage resulting from the defective condition of the motor vehicle she was operating unless she knew or had reason to know of the defective condition.

3. The evidence does not warrant a finding that the defendant knew or had reason to know of any defective condition in the car she was operating.

4. Upon all the evidence, the Court is warranted in finding that the damage sustained was solely the result of a defective condition in the defendant's automobile.

5. As a matter of law, the defendant cannot be held to knowledge of the defect unless it is shown that she had an opportunity to inspect the car and that said inspection would have disclosed the defect.

6. The evidence does not warrant a finding that inspection would have disclosed the defect.

7. The mere happening of an accident is not evidence of negligence.

8. There is no evidence to support anything beyond the "mere happening of an accident."

9. The evidence requires a finding for the defendant.

The Court disposed of these requests as follows: No. 1 is denied; 2 and 3 are denied not being material to the finding; 4 is allowed; 5 is disallowed; 6 is disallowed, not being applicable; 7 is allowed; 8 is disallowed, not being in conformity with the facts as I have found them; 9 is disallowed.

The trial judge (Barnet, J.) made the following "Finding of Facts":

"This is an action of tort begun by writ dated November 9, 1953 whereby the plaintiff seeks to recover for damage to the front of a building owned by him against which the defendant drove her automobile.

There was evidence that within fifteen minutes of the collision, the Chief of Police of Oak Bluffs tested the brakes on the defendant's car and found that she had "no foot brake". Concerning the damage suffered by the plaintiff while there was testimony that the

actual expenditure of the plaintiff was $478.10, the fair and reasonable cost of putting the property back in the condition that it was prior to the accident, was $700. The difference in the figures was accounted for by other transactions between the plaintiff and a witness who testified that a special concession was made because of other work which the witness was doing for the plaintiff.

Upon all the evidence I find that the violation of the defendant of Section 7 of Chapter 90 of the General Laws requiring every vehicle to be provided with brakes in good working order, contributed to the accident and, therefore, evidence of her negligence.

Judgment is to be entered for the plaintiff in the sum of $700.00."

This case is governed by *Washburn v. R. F. Owens Co.,* 252 Mass. 47 and 258 Mass. 446.

"Where common experience teaches that an accident would not have taken place under the circumstances disclosed by all the observed facts with the fair inferences from them, if every person concerned had acted with reasonable care; there the happening of the accident furnishes, in itself, some proof of negligence. If the obvious neglect is that of the defendant or of someone for whose neglect he is in law answerable, a plaintiff has made out a prima facie case of negligence when the evidence shows such a situation. He is not compelled to go further and point out the particular act of carelessness."

In the second case 258 Mass. 446 the Court said "It often has been said in opinions that, where certain facts justify an inference of negligence, such inference may be drawn in the absence of an explanation."

"Slight evidence of the circumstances may place the fault." *Hendler v. Coffey,* 278 Mass. 339; *Jennings v. Bragdon,* 289 Mass. 595; *Lech v. Escobar,* 318 Mass. 711.

The circumstances disclosed by the evidence in this case clearly warranted an inference of negligence on the part of the defendant and were sufficient to

support the finding of the trial judge that the defendant was operating a vehicle with defective brakes.

The first request for rulings was rendered immaterial by the findings of fact and there was no error in the treatment of the remaining requests. *Bresnick v. Heath*, 292 Mass. 293.

There was no error in the treatment of the requests filed by the plaintiff. *The report is ordered dismissed.*

S. Rosenberg, for the plaintiff.

Darling & McLaughlin, for the defendant.