*Western District*

*Central District Court of Worcester*

## MARGARET M. MOORE

### v.

## HAROLD H. HARTWELL, ADMR.

(January 13, 1956)

*Riley, C. J.* This action was brought to recover for personal injuries sustained by the plaintiff as a result of a collision of motor vehicles operated by herself and the defendant's intestate William B. Midgley on August 20, 1952. A substantial finding was made for the plaintiff.

The only errors alleged by the defendant were the refusal of the trial judge to grant the following requests for rulings:

"5. All the evidence requires a finding that the plaintiff has failed to sustain her burden of proving that her back instability was aggravated as a result of the accident.

8. The evidence requires a finding that the plaintiff has failed to sustain her burden of proving that the accident was the proximate cause of the condition for which she sought medical treatment by Doctor Robert L. Moore."

*There was evidence that at* the time of the collision between the two motor vehicles the plaintiff's body came in contact with the steering wheel and her shoulder struck the side window of her car; that when she got out of her car she felt a severe pain going up her back and a numbness in the top of her head, and on the following day her shoulder, her side, her hip,

her leg and her back pained her; that at the time of the accident she was pregnant and she continued her regular monthly visits to her obstetrician until the time of her delivery in December, 1952; that the pain in her back was in the lower back and was more or less constant; that she was unable to do her housework or work in her garden as she had done prior to the accident; that she was unable to bend as she had done before and unable to sleep because her back ached and that she used a heating pad or hot water bottle almost every night for her back and at the time of the trial which was almost two years after the accident her back still ached and that she had worn the corset, prescribed by the doctor, steadily.

On cross examination she testified that she had had some trouble with her upper back before the accident and that the pain got worse after she delivered her baby. It appeared in the evidence that the plaintiff had had several previous pregnancies and had a history of episodes of pain in the lower back at various times during the four years preceding the accident.

In November, 1953 the plaintiff for the first time consulted Dr. Moore, an orthopedist, for the pain in her back. Dr. Moore testified that the plaintiff sustained a low back sprain and aggravated a preexisting unstable lumbar sacral spine; that the instability of the lumbar spine was evidenced by the narrowing of the interspace between the fifth lumbar vertebra and the first sacral vertebra, which condition had existed prior to the accident. This condition was demonstrated by the x-rays which were taken of the plaintiff's spine by the doctor. He prescribed a Camp Corset to give additional support to the low back. On subsequent visits she gave a history of continued low back discomfort and had to restrict her activities and favor her back a great deal although she had worn her Camp Corset.

While Dr. Moore testified on cross examination that he did not obtain a history of any prior back trouble from the plaintiff which would have been important in making his diagnosis, he later testified that he had this lack of history of previous back trouble by omission and not by a statement of the plaintiff and further that the thing he thought of considerable importance was that she had immediate back discomfort following the accident. It is evident from his testimony, whether or not he had a previous history of back discomfort or difficulty from the plaintiff, the x-rays which he took showed a definite condition which he described as an unstable condition in the plaintiff's back. The x-rays which were introduced in evidence revealed that the interspace between the fifth lumbar vertebra and the first sacral vertebra was diminished in width as compared with the fourth. The diminution was about 50%.

Dr. Moore's examination indicated that the plaintiff had back discomfort over the lumbo sacral joint and upper sacral section. Motion of the spine was somewhat deficient and was accompanied with complaints of increased back discomfort on extremes of motion. She had difficulty with lateral bending and she had considerable discomfort in assuming an erect posture after forward bending.

The trial judge found that prior to the accident the plaintiff had a 50% diminution of the interspace between the fifth lumbar vertebra and the first sacral vertebra and he found that since the accident and up to and including the time of trial she has had constant pain of varying intensity; that she has had difficulty in obtaining sleep although applying heat to the back during the night and that she had been wearing the corset prescribed by the physician since November, 1953. He further found that she sustained a low back sprain and an aggravation of a pre-existing unstable lumbar sacral spine as well as several contusions and that the aggravation to the unstable back still existed at the time of the trial.

There was no error in the refusal of the judge to grant the requests above set out. The evidence did not require him to make a finding as matter of law that the plaintiff had failed to sustain her burden of proving either that her back instability was aggravated as a result of the accident or that it was a proximate cause of the condition for which she sought medical treatment by Dr. Moore. As was said in *McAuliffe v. Metcalfe*, 289 Mass. 67 at 69:

"There is no rule of law that such causal connection must be shown by expert testimony alone."
See also *Walker v. Nickerson*, 291 Mass. 522, 526. *Williamson v. Feinstein*, 311 Mass. 322, 324, 325. *Comeau v. Beck*, 319 Mass. 17. These were questions of fact to be decided by the trial judge considering as he did both the evidence of the plaintiff and of Dr. Moore. *Accordingly, the report is ordered dismissed.*

J. L. Barsky, H. Zarrow, for the plaintiff.

H. H. Hartwell, for the defendant.