*Second District Court of Eastern Middlesex*

No. 9628 of 1954

*Northern District*

No. 4912

**MICHELE TUMMINELLI**

v.

**WILLIAM S. DALY**

(January 27, 1956)

*Eno, J.* This is an action of tort by which the plaintiff seeks to recover for property damage sustained as a result of a collision between the defendant's automobile with that of the plaintiff. The case was tried before (*Coddaire, Jr., Sp. J.*)

The facts reported are as follows:

"At the trial there was evidence from the plaintiff tending to show that on the day in question he was driving this automobile along Belmont Street in Belmont going toward Waltham in a line of traffic and the car in front of the plaintiff came to a sudden stop and that at that time the plaintiff was 18 to 19 feet in back of the car in front of him, and when the car in front of the plaintiff stopped suddenly, the plaintiff lightly touched the car in front of him and then was struck a crashing blow from the rear by the defendant's car. The plaintiff testified he never saw the defendant's car prior to the accident. After the accident at the scene of the accident the plaintiff and defendant exchanged licenses and registrations. The plaintiff viewed the damage to the rear and later the front

of his car at the scene and some days after the accident, the plaintiff and the defendant had a conversation and the defendant said the plaintiff was to blame for the accident and asked the plaintiff to let the defendant take the plaintiff's car to a place at which the defendant wanted to have the damage repaired."

The defendant offered no evidence and the court denied his request:

"3. The evidence requires a finding for the defendant, William S. Daly."

The Court found for the plaintiff and made the following findings of facts:

"*MEMORANDUM OF FINDINGS OF FACT AND RULINGS OF LAW* — The plaintiff while operating his motor vehicle on Belmont Street in Belmont on June 23, 1954, was struck in the rear by the motor vehicle operated by the defendant William S. Daly, after the plaintiff's car had stopped.

I find that the defendant William S. Daly was negligent and that there was no contributing negligence on the part of the plaintiff."

The only question raised is whether or not the evidence required a finding for the defendant as a matter of law.

"The findings of the trial judge must be sustained if the evidence reported considered in its aspect most favorable to the plaintiff supports them." *Sutherland v. McGee*, 329 Mass. 530, 531. It was also said in that case: "Evidence of the happening of a collision between the two motor vehicles — even if a rear-end collision — without evidence of the circumstances under which it happened is not proof of negligence of the operator of either of them. . . . Slight evidence of the circumstances, however, may place the fault." *Hendler v. Coffey*, 278 Mass. 339, 340. *Jennings v. Bragdon*, 289 Mass. 595, 597."

In the case at bar the evidence discloses that the plaintiff's automobile slightly touched another one in front of him, and the former "was struck a crashing blow from the rear by the defendant's car."

The trial judge could infer from that evidence that the defendant was negligent in failing to observe, or in failing to stop, or in driving too fast or too near the plaintiff's automobile. *Scott v. Lieberman*, 284 Mass. 325; *Jennings v. Bragdon*, 289 Mass. 595; *Lech v. Escobar*, 318 Mass. 711.

He could also consider the defendant's request "to let him take the plaintiff's car to a place at which the defendant wanted to have the damage repaired" in the nature of an admission of his negligence.

While the evidence might well warrant, it did not "require", a finding for the defendant. There was no prejudicial error in the denial of the defendant's request.

*The report is to be dismissed.*

Harvey Beit, for the plaintiff.

Flynn & Flynn, for the defendant.