JOHN E. VOTOUR *vs.* CITY OF MEDFORD.

Middlesex. December 6, 1956. — February 4, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Police. Proximate Cause.*

Evidence warranted a finding that a back condition incapacitating a police officer of a city for duty was caused by an injury to his hip and a later fall, both occurring in the performance of duty, and supported recovery of wages by him from the city under G. L. (Ter. Ed.) c. 41, § 111F, inserted by St. 1952, c. 419.

CONTRACT for wages for a period beginning July 3, 1955. Writ in the First District Court of Eastern Middlesex dated October 11, 1955.

The action was heard by *Schofield, J.*

*Mark E. Gallagher, Jr.*, City Solicitor, for the defendant.
*George A. Cataldo*, for the plaintiff.

COUNIHAN, J. This is an action of contract brought in a District Court by a police officer of the city of Medford to recover wages due him while incapacitated for work on account of injuries sustained by him in the performance of his duty. G. L. (Ter. Ed.) c. 41, § 111F, inserted by St. 1952, c. 419.[1] There was a finding for the plaintiff and upon a report, claimed by the defendant, the Appellate Division found no prejudicial error and dismissed the report. The action comes here upon an appeal by the city. There was no error.

The city claims to be aggrieved by the denial of certain

---

[1] "Whenever a police officer or fire fighter of a city, town, or fire or water district is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own, he shall be granted leave without loss of pay for the period of such incapacity; provided, that no such leave shall be granted for any period after such police officer or fire fighter has been retired or pensioned in accordance with law or for any period after a physician designated by the board or officer authorized to appoint police officers or fire fighters in such city, town or district determines that such incapacity no longer exists. All amounts payable under this section shall be paid at the same times and in the same manner as, and for all purposes shall be deemed to be, the regular compensation of such police officer or fire fighter."

requests for rulings and by certain findings of facts by the judge which it asserts are not supported by the evidence.

From the evidence it appears that the plaintiff was a police officer of the city and in the performance of his duty on October 15, 1953, he suffered an injury to his right hip which shortly thereafter brought about a painful condition of his back. Notice of this injury to his hip was given to the city. He was off duty for four days and then returned to work. He continued to work until August 31, 1954, when he fractured his right wrist as a result of a fall while on duty in a hurricane. This fall aggravated his back condition. He was off duty from August 31, 1954, to January 8, 1955, when he returned to duty, and worked until March 10, 1955, doing light work. He was off duty from March 10, 1955, until the time of the trial. He was dropped from the payroll on July 3, 1955.

Dr. Inserra, the city physician of Medford, examined the plaintiff when he injured his wrist and treated him for it. He testified that he was a member of a medical panel which examined the plaintiff in April, 1955, for the retirement board of the city and that he signed a report to the effect that the plaintiff had a permanent back injury. No physician was ever designated by the board or officer authorized to appoint police officers to determine that such incapacity no longer existed as provided in c. 41, § 111F.

The plaintiff testified that occasionally he did some work around his home. He could drive an automobile but he could not remain seated or stand for any length of time without discomfort. He wore a steel brace around his back which was prescribed for him by Dr. Cotton, an orthopedist. He was unable to put on his shoes and he could not pick up anything off the floor without getting on his knees. He was still suffering at the time of the trial from a great deal of pain in his right leg and back.

There was in evidence as an exhibit a report of a medical panel to the retirement board of the city, presumably appointed under G. L. (Ter. Ed.) c. 32, § 85F, as most recently amended by St. 1952, c. 431, § 1. The reason for the ap-

pointment of this panel does not appear. This report shows that sometime prior to April 25, 1955 (the exact date does not appear), a panel consisting of Dr. Russell Sullivan, Dr. Cotton, and Dr. Inserra examined the plaintiff and stated, "The issue as to the necessity of retirement in this case rests entirely on the back condition as the fracture of the scaphoid bone [of the wrist] is probably uniting. He certainly is totally disabled from any kind of duty at this time because of his back condition. It is the unanimous opinion of the panel that this is a permanent disability at least as it concerns a police officer, because he certainly will be prone to acute episodes of severe pain and disability. A spinal fusion might cure him but following the fusion it would be hazardous for him to continue working as a police officer. Therefore, we believe that this man should be permanently retired."

It also appears that the chief of police of the city testified that he could prepare a program of work which the plaintiff could do and that he wanted him back in the department.

The judge expressly found that "the plaintiff's back condition is the chief reason that he would be unable to perform the full duties of a police officer but that even without the back disability the limitation of motion in Votour's right wrist would interfere with the full duties above mentioned."

The city, as we have said, claims to be aggrieved by certain findings of facts by the judge. The evidence here amply supports the findings. In any event the findings about which the city complains are covered by its requests for rulings which were denied.[1] The denial of these requests presents the only questions of law before us.

---

[1] "4. The burden of proving that a present back condition was caused by an injury sustained in the performance of duty has not been met when the only evidence of the causal condition was a pain in the right side of the hip near the buttocks first felt over two years ago (October, 1953) when the officer returned to regular duty in four days and performed his duties until he injured his wrist nearly one year later, in the absence of any expert medical opinion as to the causal connection and where the evidence showed no mention of a back injury in official reports, particularly at the time of the injury to the wrist. . . . 8. The preponderance of the evidence in this case does not lead to the conclusion that it is more likely than not that the plaintiff's present back condition was caused by an injury to the right side of his hip sustained in October of 1953 in the light of the fact that no expert medical opinion evidence linked the two situations, where no complaint of a back injury

Requests numbered 4 and 8 are directed to the absence of any expert medical testimony as to the causal connection of the back condition to the injuries which the plaintiff received on the two occasions referred to. We are of opinion that the testimony of the plaintiff and of Dr. Inserra and the report of the medical panel adequately tie in the back condition with the injuries he sustained while in the performance of duty. Moreover, "There is no rule of law that such causal connection must be shown by expert testimony alone." *McAuliffe* v. *Metcalfe*, 289 Mass. 67, 69. See *Comeau* v. *Beck*, 319 Mass. 17, 19–20.

Request numbered 13 appears to be directed to the city's complaint that the plaintiff should not be permitted to recover because his incapacity was only partial and not total. It apparently relies upon *Amello's Case*, 320 Mass. 347, 348, where the distinction between partial and total incapacity is pointed out. That case, however, arose out of the workmen's compensation act. G. L. (Ter. Ed.) c. 152, §§ 34, 34A, 35, as amended by St. 1949, c. 520, §§ 1, 2, 3. Sections 34, 34A, and 35 create an express difference between total and partial incapacity and provide different compensation for each. Chapter 41, § 111F, with which we are concerned, makes no distinction between total and partial incapacity. It provides only that if a police officer is incapacitated for duty, he shall be granted leave without loss of pay for the period of such incapacity.

In the case at bar the judge found that the plaintiff was incapacitated for duty at the time of trial on account of injuries sustained in the performance of duty, and, as we have said, the evidence warranted such a finding.

*Order dismissing report affirmed.*

---

appeared on the man's own report, where he returned to his normal duties and worked until he injured his wrist and no medical testimony was offered to show that he was treated for a back condition. . . . 13. A finding that the plaintiff had sustained the burden of proving that his present injury was attributable to the incident occurring in October, 1953, and that he is incapacitated for limited rehabilitating police work would be against the weight of the evidence."