*Southern District*

### NORTH BAY COATS INC.
v.
### FRANKLIN PARK KIDDIE SHOP INC.
### d/b/a CAMPERS SHOP

*Present*: Nash, P. J., Sgarzi & Kalus, JJ.

Case tried to *Colton, J.* in the Municipal Court of Brookline. No. 370 of 1960.

Argued: ——————  Decided: ——————

*Sgarzi, J.* The amended declaration in this action of contract alleges that the defendant is indebted to the plaintiff in the sum of $203.25 for merchandise sold and delivered. The answer is a general denial, allegation of payment and denial of any business dealings with the plaintiff.

*At the trial there was evidence that* one Margolin, an employee of the defendant and its President, sometime in September, 1959 visited the plaintiff's place of business in New York City where he purchased certain merchandise including seven coats which are the subject matter of this action. When he purchased the coats Mr. Margolin *was told that they could be returned to the plaintiff "if the same was sold for less money at other stores".*

After selling two of the coats they were both returned to the defendant because other coats having the same label were being sold elsewhere for $25.00. Thereafter, the defendant returned seven of the coats to the plaintiff by Railway Express prepaid, but the plaintiff refused to accept them. There

was no evidence as to the usual retail price of the coats or what other retail stores sold the same merchandise or for what price. The plaintiff brought this action when the defendant refused to pay for the coats.

The judge refused to rule, as requested by the plaintiff, that the evidence was insufficient to warrant a finding for the defendant and made the following finding:

> "I find that the plaintiff sold the merchandise to the defendant and agreed that the merchandise was returnable if sold by other outlets in the local market at less than the established price; that said coats were sold for less than the established price and defendant returned seven coats through the American Express, postage prepaid, which the plaintiff refused to accept and suit was brought for the price of said coats".

He made a finding for the defendant and the plaintiff claiming to be aggrieved by the denial of its requested ruling of law, the matter was reported to this Division.

Findings of fact by a trial court cannot be disturbed if they find support in the evidence and any reasonable inferences that can be drawn therefrom. *Clark v. Second National Bank,* 177 Mass. 257; *Moss v. Old Colony Trust Co.,* 246 Mass. 139; *Bangs v. Farr,* 209 Mass. 339; *Sutherland v. McGee,* 329 Mass. 530.

It is also recognized that a general finding imports the drawing of all supporting inferences of which the evidence is susceptible

and the finding of all necessary subsidiary facts. *Royle v. Worcester Buick Co.*, 243 Mass. 143; *Standard Oil Co. v. Malaguti*, 269 Mass. 126.

While there was no evidence as to the usual retail selling price of the coats in question, it can fairly be inferred that since customers brought back coats because they could be purchased elsewhere for $25.00 that the usual price and the defendant's retail price must have been higher. Indeed when we consider that plaintiff's declaration alleges the sale of seven coats for the sum of $203.25, it is apparent that the cost of the coats to the defendant was more than $25.00 each.

The testimony of Mr. Margolin that customers told him that similar coats could be purchased for $25.00 each was obvious hearsay and should have been excluded upon timely objection. However, it does not appear that objection to its admission was made and once admitted into evidence, this testimony was entitled to its full probative value. *Mahoney v. Harley Private Hospital*, 279 Mass. 96; *Ventrmile v. Malden Electric Co.*, 317 Mass. 132; *Comeau v. Beck*, 319 Mass. 17.

The weight to be given to this evidence together with all of the other evidence in the case was for the judge to determine in the exercise of sound judicial discretion.

There was sufficient basis in the evidence for the findings of fact made by the judge

and find no prejudicial error in the denial of the plaintiff's requested ruling of law. *The order should be that the report be dismissed.*

Cyril Hochberg, of Boston, for the Plaintiff.

Lawrence D. Shubow, of Boston, for the Defendant.