Northern District

No. 5763

**LOUIS J. BINDA**

v.

**COLUMBIA STATUARY, INC.**

July 9, 1963

*Present*: Brooks, P.J., Connolly & Parker JJ.

Case tried to *Taylor, J.* in the Third District Court of Eastern Middlesex. No. 3726 of 1960.

*Connolly, J.* Count two, being one of four counts, as to which the defendant in this action of contract claims to be aggrieved is as follows:

> "The plaintiff says he entered into an agreement with the defendant wherein plaintiff and de-

fendant were to divide the cost of $560.00 for rubbish removal belonging to both plaintiff and defendant. The plaintiff paid $560.00 for the cost of the rubbish removal, but defendant has refused to pay his one-half, or $280.00, wherefore, plaintiff says the defendant owes him $280.00 together with interest thereon from July 5, 1960, on or before which date demand for payment was duly made."

The defendant's answer, among other pleas, included a general denial; a plea of payment; a specific denial of the allegations of Count #2 as to the making of the agreement; denial of any allegation to remove any of the rubbish and denial of agency and authority to make any contracts and demand for proof thereof.

*Quoting directly from the report,* "At the trial, there was evidence that the defendant, a corporation engaged in the business of manufacturing statuary, was a lessee under a written lease for a term of five years commencing December 1, 1957; that among others, there was a provision in the lease that the lessor only could terminate the lease in the event of a substantial destruction of the leased premises. On June 2, 1960, the leased premises were substantially demolished by fire and within three months were razed to the ground; nevertheless, the lessor insisted that the lease remain in effect and that he would terminate the same. As a result of the fire, certain rubbish accumulated in the cellar of the building of which the demised premises formed a part. Subsequent to June 2, 1960, there was evidence of certain conversations

between one Leonard Miller and one Paul Karger, attorney in fact for the plaintiff-lessor. There was evidence submitted by the plaintiff that Leonard Miller stated that he would pay half the cost of removing the rubbish from the burned-out building. Except for the denial of such a contract by the defendant, there was no other material evidence pertaining to Count #2 of the Declaration. The defendant does not claim to be aggrieved by the findings pertaining to the other Counts of the Declaration and, therefore, evidence relative thereto is not reported."

The defendant seasonably filed ten requests for rulings, all of which were waived at the time of argument before this Division, with the exception of the following:

(2) Upon all the evidence, the plaintiff may not recover against the defendant under Count II of the declaration because:

(2a) There is no evidence that the defendant made any such agreement as is alleged.

(2b) There is no evidence that any of the rubbish referred to belonged to the defendant, to any of the other tenants, or were part of the realty itself.

(4) As a general proposition, it is settled in this Commonwealth that a promise to pay one for doing that which he was under a prior legal duty to do is not binding for want of valid consideration.

(10) If the court should find that Leonard Miller said he would pay for one-half the cost of removing rubbish, then the defendant is

not bound thereby, there being no evidence that such statement was duly authorized by the defendant nor that Leonard Miller was authorized to make the same, agency having been denied in the answer.

The Court denied these Requests.

On Defendant's Request for Ruling #2, the Court ruled as follows:

"I find that considerable portion of rubbish belonged to the defendant and that the defendant entered into agreement with the plaintiff for removal of same and that plaintiff was to pay for the entire removal job and that defendant was to repay the plaintiff one-half of the cost."

On Defendant's Request for Ruling #4, the Court ruled as follows:

"As a statement of law but not in accordance with facts."

On Defendant's Request for Ruling #10, the Court ruled as follows:

"I find that Mr. Miller was authorized agent of the defendant."

The Court found for the plaintiff in the sum of $280.00 as to Count #2 of the Declaration.

■ Findings of fact by a trial judge cannot be disturbed if they find support in the evidence and any reasonable inferences that can be drawn therefrom. *Moss v. Old Colony Trust Company*, 246 Mass. 139, 143;

*Bangs v. Farr,* 209 Mass. 339, 341; *Sutherland v. McGee,* 329 Mass. 530.

The issue in this case is whether the findings of the trial judge are supported by the evidence, as reported, and any reasonable inferences that can be drawn therefrom.

■ We do not think they are. Specifically, there is no evidence that the Leonard Miller named in the report was an agent of the defendant and authorized to enter into the agreement on which the plaintiff sues; nor is there any evidence that the rubbish involved in the alleged agreement was that of the defendant.

As a consequence, we rule the findings of the trial judge that follow were not supported by the evidence:

"A considerable portion of rubbish belonged to the defendant".

"That the defendant entered into agreement with the plaintiff for removal of same";

"That plaintiff was to pay for the entire removal job and defendant was to repay the plaintiff one-half of the cost";

"That Mr. Miller was authorized agent of the defendant".

In view of the above, the denial of Defendant's Requests #2, #2a, #2b, and #10 was prejudicial error.

The Finding for the plaintiff is to be vacated and a new Finding is to be entered for the defendant.

Aaron H. Sibley, of Boston, for the Plaintiff.

William Lender, of Boston, for the Defendant.