WILLIAM HOLMGREN *vs.* DAVID LALIBERTE. June 24, 1976. 1. There
was evidence which warranted an inference that the accident was
caused by the defendant's negligence, for the reasons stated in the
factually similar case of *Olofson* v. *Kilgallon,* 362 Mass. 803, 805-806
(1973). See also *Jennings* v. *Bragdon,* 289 Mass. 595, 597 (1935), and
cases cited; *Warren* v. *Howe,* 332 Mass. 213 (1955); *Fletcher* v. *Dock-
ery,* 1 Mass. App. Ct. 865 (1974). 2. From evidence of the onset of the
plaintiff's typical whiplash symptoms hours after the time that the rear
end of his automobile was struck with considerable force by the defend-
ant's truck, the continuation of those symptoms without substantial
interruption through at least August of the following year, and the
statements in the hospital records, the jury would have been warranted
in finding that the plaintiff's orthopedic problems were causally related
to the collision without further expert medical testimony. Compare
*McAuliffe* v. *Metcalf,* 289 Mass. 67, 69 (1935); *Comeau* v. *Beck,* 319
Mass. 17, 19-20 (1946); *Votour* v. *Medford,* 335 Mass. 403, 406 (1957).
3. There was evidence that, although the plaintiff was simultaneously
treated for pre-existing pulmonary conditions during his first hospital-
ization of eleven days, the hospitalization itself was for the purpose of
treating his orthopedic problems. There was evidence that the second
hospitalization of thirteen days, the consultations by orthopedic spe-
cialists during both hospitalizations and by a neurologist during the

first hospitalization, and at least nine of the plaintiff's visits to his attending physician's office during the period April 27, 1972, through August 26, 1974, were necessitated by the plaintiff's orthopedic problems. Although the plaintiff's attorney failed to make offers of proof of the charges for those medical services, an inference is inescapable that the charges exceeded the five hundred dollar threshold in G. L. c. 231, § 6D. In addition, it appears from an excluded answer that the charge for the first hospitalization alone was at least seven hundred dollars. The purpose of an offer of proof is to show that the proponent has been prejudiced by the exclusion of the offered testimony. *Warren* v. *Spencer Water Co.* 143 Mass. 155, 164 (1887). *Smethurst* v. *Barton Square Church,* 148 Mass. 261, 267 (1889). *Cook* v. *Enterprise Transp. Co.* 197 Mass. 7, 10 (1907). *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 504 (1935). *Ford* v. *Worcester,* 339 Mass. 657, 658 (1959). *Mac-Rich Realty Constr. Inc.* v. *Planning Bd. of Southborough, ante,* 79, 85-86, fn. 9 (1976). That purpose has been served on the record in this case.

*Judgment reversed.*

*Case to stand for a new trial.*

*John E. Swanstrom* for the plaintiff.
*David E. Neitlich* for the defendant.