## CHARLES BLAKELY *vs.* RICHARD GRAHAM.

The parties named in a submission to arbitration, signed by attorneys purporting to act on their behalf, appeared before the arbitrator, accompanied by those attorneys, and testified as witnesses. *Held*, that this was sufficient evidence of a ratification of the submission by them, although the submission was not read in their presence at the hearing.

A submission to arbitration recited that differences had arisen between the parties in relation to the manufacture of bricks carried on by them, and that "the whole matter" was submitted. The arbitrator found that a certain sum was due from one of the parties to the other. *Held*, that an action would lie on the award, although the parties had been partners, and the matter investigated by the arbitrator was partnership business, and there were other partnership affairs not covered by the award.

CONTRACT on an award. The declaration alleged that the parties "by their agreement in writing" referred the matters therein named to an arbitrator and that the arbitrator made an award in favor of the plaintiff.

At the trial in the Superior Court, before *Putnam*, J., the defendant put in evidence the submission mentioned in the declaration as follows: "Whereas differences have arisen between Charles Blakely and Richard Graham in relation to the manufacture of bricks carried on by them, they hereby agree to submit the whole matter to Charles Merritt, whose award shall be final in the matter. C. H. Stickney, attorney for R. Graham. T. B. Newhall;" and also the award declared on as follows: "Having heard and examined the testimony presented by the respective parties to the submission, I find that there is due to Blakely the sum of one thousand and twenty dollars. Charles Merritt, Referee."

The plaintiff called Charles Merritt as a witness, who testified ' that the paper purporting to be a submission was handed to him by Newhall; that he subsequently gave the parties a hearing, at which both the parties were present, the plaintiff having Newhall and R. E. Harmon as his counsel, and Stickney appearing for the defendant; that evidence was offered by both parties under oath; that the submission was there, but he could not say it was read; that the parties had been partners in business; that the matter investigated by him was the partnership business; that, as well as he could remember, there were debts due to the partnership,

which had previously been divided between the parties; there were also debts due from the firm; and that he had no distinct recollection what was said about them, but they were not considered by him in making up his award."

Harmon, also called by the plaintiff as a witness, testified that he appeared for the plaintiff before the arbitrator; that the parties were examined under oath; that no testimony was offered as to the debts due from or to the partnership; but that it was stated that the debts due to the firm had been divided, and those due from the firm had been assumed, part by one, and the rest by the other of the parties. No other evidence was offered.

The defendant asked the judge to rule that the action could not be maintained; but the judge refused so to rule, and instructed the jury that, upon this evidence, the plaintiff was entitled to a verdict, and that it was entirely immaterial whether there were any outstanding partnership debts; and he directed a verdict for the plaintiff, and reported the case for the consideration of this court. If the ruling was right, judgment to be entered upon the verdict; otherwise a new trial to be ordered, as this court might direct.

*S. B. Ives, Jr.*, for the defendant.

*R. E. Harmon*, for the plaintiff.

CHAPMAN, C. J. The question whether Mr. Stickney and Mr. Newhall, as the attorneys of the parties, had authority to sign the agreement of submission is immaterial; for both the parties came before the arbitrator accompanied by these gentlemen as their respective attorneys, and both testified on oath as witnesses, at the hearing. This is sufficient evidence that the submission was ratified by them.

The written agreement recites that differences had arisen between the parties in relation to the manufacture of bricks, carried on by them, and they agree to submit " the whole matter " to Charles Merritt. They went into the hearing upon this general statement; and as both were present, it was competent for them to state orally what was included in the matter, and what was excluded from it. It does not appear that the award excluded anything submitted, or included anything not submitted.

The fact that the matter related to partnership dealings does not vitiate the award ; for two partners may have a difference in regard to one or more matters, which do not embrace the whole of the partnership dealings, and may adjust it by arbitration, while the general business of the firm remains unaffected. Or if the parties have settled and concluded the whole of their business, except one or more classes of subjects, they may submit these subjects alone to arbitration. It appears that these parties had divided the accounts due to them, and the debts which each was to pay. The arbitrator was not requested to consider them, and did not consider them, but that fact does not affect the award. He appears to have acted under the written agreement exclusively. His award of a sum of money to be paid by the defendant to the plaintiff is apparently valid, and this action may be maintained upon it. It does not appear that a suit in equity is necessary, or that it is necessary to settle any other partnership affairs in order to entitle the plaintiff to recover the amount of the award. The ruling of the court was correct.    *Judgment on the verdict.*