HELEN C. HAYES, administratrix, *vs*. LUMBERMENS MUTUAL CASUALTY COMPANY.

Berkshire.    September 16, 1941. — October 28, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Insurance*, Accident.  *Agency*, Scope of authority or employment.  *Police.*
*Practice, Civil*, Case stated, Appeal.

Upon an appeal from a judgment ordered upon a case stated, the propriety of the trial judge's conclusions of fact is open for review.

A member of the State police, assigned to special duty to promote public interest in highway safety, was acting within the scope of his employment and in the performance of his duties when he was killed late at night as he was on a journey in a State automobile from a conference relating to that subject matter to a place where he had left his uniform and whence he was to proceed to perform his duties the next morning in uniform; and there could be no recovery for his death under the provisions of an accident insurance policy which excluded from its coverage death caused while he was "performing any duty as a member . . . of a paid . . . police department."

CONTRACT.  Writ in the Superior Court dated May 29, 1940.

Judgment for the plaintiff in the sum of $3,867.51 was ordered by *Broadhurst*, J., upon a case stated.  The defendant appealed.

*F. M. Myers*, for the defendant.

*W. A. Heaphy*, for the plaintiff.

RONAN, J.  This is an action of contract to recover the indemnity provided for in an accident policy issued by the defendant to one Hayes, whose death resulted from a collision of two automobiles, one of which he was operating, on a public way in Holyoke in the early morning of February 9, 1940.  The case was submitted to the Superior Court upon a statement of agreed facts, and the defend-

ant appealed from an order for judgment for the plaintiff.

Hayes, a patrolman in the division of the State police of the department of public safety of the Commonwealth, had been assigned to duty as a special officer to stimulate greater public interest in exercising caution in the use of the highways. He gave numerous lectures to children at the various schools, organized safety patrols for the protection of school children and addressed civic and social organizations in the western part of the Commonwealth on safety promotion. His duties required him to spend some evenings with organizations which were interested in this subject. He coöperated with safety councils and automobile clubs in formulating programs in the interest of safety. On the day previous to the accident he had visited the schools in three different towns, and in accordance with an appointment made with one Laporte, the secretary of an automobile club, Hayes arrived at the home of Laporte shortly before midnight and discussed with him a program for the protection of pedestrians which was then being drafted by safety clubs and councils. Laporte had promised to collect for him suitable material for further lectures for schools and other organizations. Hayes declined to spend the night at the Laporte home as his uniform was at his aunt's home in Holyoke and as "he had to be in Greenfield at 8:15 A.M. the following morning and in uniform." He left Laporte's house at ten minutes before one o'clock in the morning for his aunt's home. He was operating a "police cruiser" type of automobile, owned by the Commonwealth, on his way to his aunt's home when the collision occurred.

The policy issued to Hayes provided that "This insurance shall not cover accident, injury, disability, death or other loss caused directly or indirectly, wholly or partly, by . . . [various causes] nor (8) while the Insured is performing any duty as a member or employee of a paid fire or police department." Hayes at the time of the accident was undoubtedly a member of a police department and received compensation for his services. G. L. (Ter. Ed.)

c. 22, §§ 1, 9, 9A. *Commonwealth* v. *Gorman*, 288 Mass. 294. This policy does not preclude a police officer from all benefits but limits indemnity to those instances where the officer was not performing any duty as such when the accidental injury was incurred. If the insured was actually engaged in the performance of his duties as a State police officer at the time he was killed, then there can be no recovery.

The case was heard solely upon a statement of agreed facts. This statement was in effect a case stated. *Azevedo* v. *Mutual Life Ins. Co.* 308 Mass. 216. *Redden* v. *Ramsey*, 309 Mass. 225. The conclusions of the trial judge based upon the facts stated and inferences therefrom are not binding upon us, and questions of fact as well as of law are open for review upon an appeal. *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105. *Howell* v. *First of Boston International Corp.* 309 Mass. 194.

The agreed facts do not show that any regular hours for active service had been established for Hayes. Perhaps the nature of his duties, including the various places where they were to be performed and the different hours at which opportunities ordinarily presented themselves for their performance, would prevent the adoption of a definite schedule of fixed periods for the rendition of services. His work differed from that usually performed by police officers who are regularly engaged in active duty during prescribed hours.

The visit to the home of Laporte was for the purpose of furthering a plan for the protection of pedestrians and also, apparently, for the purpose of acquiring from Laporte additional information for future lectures on public safety which were to be given by Hayes. The object of the visit was directly connected with the work in which Hayes as a State police officer was engaged. It was a part of his duties to educate school children and members of the public to the dangers arising out of the use of motor vehicles upon the highways and to secure the adoption by the public of measures designed to avert, or at least to minimize, these dangers. His visit to Laporte was in furtherance of

the work to which he had been especially assigned and was in the line of his duty. He was not required to report to any barracks at night but he could stay at his own home in Lenox or such other place as might be reasonably convenient for him. His work was not finished at the conclusion of his conference with Laporte. He was engaged in the performance of his duties in going there and in travelling from there to the home of his aunt where he was to secure his uniform. The Commonwealth had furnished the means of transportation to aid him in the performance of his duties, and there is no contention that his use of the automobile was not approved or authorized by his superior officer. The journey on which the accident occurred was not merely for the pleasure or convenience of Hayes but was incidental to his employment and in the interests of the Commonwealth. We are of opinion that Hayes at the time he was injured was acting within the scope of his employment and in the performance of his duties. *Reynolds v. Denholm,* 213 Mass. 576. *McKeever v. Ratcliffe,* 218 Mass. 17. *Ouimette v. Harris,* 219 Mass. 466. *Hoffman v. Liberty Motors, Inc.* 234 Mass. 437. *Barney v. Magenis,* 241 Mass. 268. *McDonough v. Vozzela,* 247 Mass. 552. *Walsh v. Feinstein,* 251 Mass. 109. *Champion v. Shaw,* 258 Mass. 9. *Cardoza v. Isherwood,* 258 Mass. 165. Am. Law Inst. Restatement: Agency, § 229. At the time of the accident the insured was in the performance of his work as a member of a police department for which he was entitled to compensation. Such an accident was expressly excluded from the coverage of the policy. *Buckley v. Roche,* 214 Cal. 241. *People v. Retirement Board of Policemen's Annuity & Benefit Fund,* 326 Ill. 579. *Elliott v. Omaha,* 109 Neb. 478. *Maitland v. Police Commissioners of Garfield,* 93 N. J. L. 150. *Kahl v. New York,* 198 App. Div. (N. Y.) 30. *Glasser v. Buffalo,* 115 Misc. (N. Y.) 91. *State v. Lentz,* 132 Ohio St. 50. *Gummerson v. Toronto Police Benefit Fund,* 11 Ont. Law Rep. 194.

We do not determine the materiality of the fact that the application of the widow of the insured, (who was the same person as the plaintiff in the capacity of administratrix) for

a pension under G. L. (Ter. Ed.) c. 32, § 89, as amended, on the ground that he was killed while he was acting within the scope of and in performance of his duty, has been approved by the commissioner of public safety, as it is not necessary in view of the conclusion that we reach. Neither is it necessary to decide whether the motor vehicle the insured was operating was "a private passenger automobile of the pleasure car type," which was the only kind of a vehicle whose operator came within the terms of the policy.

*Judgment for the defendant.*