*Municipal Court of the City of Boston*

No. 389689

## HARRY EHRLICH

v.

## ISRAEL M. LEVIN

(February 14, 1955)

*Gillen, J.* This is an action of contract to recover $3,050.00 which was awarded to the plaintiff by an award of an arbitration duly held on or about March 29, 1954 before the Rabbinical Court, a tribunal established and maintained as an agency of the Associated synagogues of Greater Boston.

The first declaration of the plaintiff contained two counts. It was demurred to. A hearing was held. The demurrer was sustained with leave to amend the declaration on or before November 8, 1954. (*Adlow, C. J.*)

An amended declaration was filed. A hearing was held on the motion to amend the declaration and the motion was denied. (*Adlow, C. J.*)

The plaintiff claims to be aggrieved by the denial

of the motion to amend his declaration and also by the sustaining of the demurrer to the original declaration.

As to the latter the plaintiff did not claim a report on the ruling of the trial judge sustaining the demurrer as provided by G. L. c. 231, §108. We therefore proceed to the question of the denial of the motion to amend the declaration.

The proposed declaration follows:

"*Count* 1. The plaintiff says that on or about March 29, 1954, he and the defendant Israel M. Levin were engaged in a dispute in which the plaintiff claimed that the defendant owed him money, the disputes involved matters which might become the subject of unfavorable publicity and the plaintiff and defendant agreed with each other that they would submit their disputes to a common law arbitration before the Rabbinical Court, a tribunal established and maintained as an agency of the Associated Synagogues of Greater Boston.

That said disputes involved an overcharge of interest by the defendant on mortgage loans made by the defendant on properties at 1539 Beacon Street, Brookline, 100 Maple Street, Roxbury, and 1857-9 Columbus Avenue, Roxbury.

"The plaintiff and the defendant, on or about March 29, 1954, entered into an oral contract in which it was agreed to submit this dispute to a common law arbitration, for the decision of the said tribunal and that each would present their proof to the said tribunal and that each would abide by the decision of the said tribunal which was to be final and binding upon both parties and that the defendant would pay to the plaintiff whatever sum would be found to be due.

"In reliance upon said promise made each to the other and in consideration thereof the plaintiff and defendant appeared at the said tribunal at its office at 161 Devonshire Street, Boston and each presented testimony and proof and witnesses and other evidence,

and after a full and fair and complete hearing the said tribunal handed down a written decision that the defendant owed the plaintiff the sum of three thousand and fifty dollars and he was ordered to pay the said sum to the plaintiff.

"Demand has been made upon the defendant for payment of this sum but he has failed to pay. Wherefore the plaintiff says that the defendant owed him the sum of three thousand and fifty ($3,050) dollars in accordance with the decision of the said arbitration.

"*Count* 2. And the plaintiff says that on or about March 29, 1954 he and the defendant for a valuable consideration entered into an oral contract whereby it was agreed as follows:

1. That both parties would appear at a tribunal known as the Rabbinical Court at 161 Devonshire Street, Boston.
2. That both parties would present such evidence and testimony as they cared to present before the said tribunal.
3. That both parties would abide by the decision of the said tribunal.
4. That either party would pay to the other whatever sums of money he should be asked to pay by the said tribunal.

"And the plaintiff further says that he has lived up to his part of the agreement, and that the said tribunal has decided in a written decision that the defendant owes the plaintiff the sum of three thousand and fifty ($3,050) dollars, but that the defendant has repeatedly refused to pay this money after repeated demands by the plaintiff and after repeated demands by the said tribunal that he pay this sum of money.

"WHEREFORE the plaintiff says that he is owed the sum of three thousand and fifty ($3,050) dollars. /s/ Harry Ehrlich    Plaintiff"

G. L. c. 231, §7, reads, in part: "The declaration shall state concisely and with substantial certainty

the substantive facts necessary to constitute the cause of action." *Frisbee v. Prussian Nat. Ins. Co.*, 223 Mass. 159-161; *Murdock v. Caldwell*, 8 Allen 309.

*Count* 1 starts off indicating the plaintiff and defendant were engaged in a *dispute* in which the plaintiff claimed the defendant owed him money, and then follows with "the *disputes* involved matters which might become the subject of unfavorable publicity and the plaintiff and defendant agreed with each other that they would submit their *disputes* to a common law arbitration———."

The second paragraph reads: "The *disputes* involved an overcharge of interest———."

The third paragraph reads: "The plaintiff and the defendant———agreed to submit this *dispute* to common law arbitration———."

Whether the plaintiff was seeking an arbitration on a *dispute* or several *disputes* is uncertain. There is a patent ambiguity here. It was said in *Fay v. B. & W. St. Ry.*, 196 Mass. 329, 336: "The refusal to allow the amendments was within the discretion of the judge.———The judge well might refuse to allow them on the ground that they were immaterial, and for other reasons."

The ambiguity might well be the reason for the action of the trial judge as to count 1. And even though another judge might hold count 1 to be good we cannot say in the instant case that the trial judge abused his discretion or was in error. *Reno v. Cotter*, 239 Mass. 581-583-4.

Count 2 is barren of all information as to the nature of the controversy that went to arbitration. It obviously does not meet the requirements of G. L. c. 231, §7. There was no abuse of discretion in the action of the trial judge on count 2. *Lowrie v. Castle*, 225 Mass. 37-39

If the amount of an award of arbitrators may be recovered under a common count and it is unnecessary to declare specially (see *Bates v. Curtis*, 21 Pick. 247 and *Blakely v. Graham*, 111 Mass. 8) the fact

remains that the plaintiff did not set forth a common count on his amended declaration.

There is no error in the action of the trial judge.

*Report dismissed.*

Harry Ehrlich, Pro se, for the plaintiff.

Julian H. Katzeff, for the defendant.