FERDINAND  J.  PETTINELLA  *vs.*  CITY  OF  WORCESTER  &
others.

Worcester.    January 9, 1969. — March 6, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, &
REARDON, JJ.

*Police.   Proximate Cause.   Negligence,* Violation of law.   *Laches.   Equity
Jurisdiction,* Laches.   *Res Judicata.   Words,* "In the performance
of . . . duty."

Even if a police officer of a city violated an ordinance thereof "by parking
his automobile so as to create a traffic hazard" when he arrived at a
public way on which he had been assigned special duty, such violation
did not require a conclusion that incapacitating injuries sustained by
him when his automobile was struck in the rear by another automobile
while he was moving his automobile in order to correct the situation
were sustained through his own fault so as to deprive him of the benefit
of G. L. c. 41, § 111F.   [414]

A police officer of a city incapacitated for duty for a period of fifteen
weeks because of injuries sustained in the performance of his duty
was not precluded by laches from maintaining a suit in equity against
the city, commenced about four and one-half years after he had re-
turned to duty, for a declaratory decree that he was eligible for pay
for the period of his incapacity under G. L. c. 41, § 111F, where it
appeared that he did not know that pay received during such period
had not been paid under § 111F and that his accumulated sick leave
time had been charged with such period.   [414–415]

Maintenance of a suit in equity by a police officer of a city against  it
for a declaratory decree that he was entitled to the benefit of G. L.
c. 41, § 111F, for a period of incapacity from injuries sustained in the
performance of his duty was not barred under the doctrine of res
judicata by the fact that he had previously brought against the city
two actions at law for the same cause, of which one was dismissed
without prejudice and the other was "discontinued without prejudice
to allow the plaintiff equitable relief."   [415]

A police officer of a city, who accepted an assignment by his superior
to perform traffic duty in uniform outside his regular hours and for
additional compensation pursuant to a contract between the city and
a firm conducting a traffic survey at a place which he could reach
only by using his own automobile, and who sustained incapacitating
injuries after arriving at that place in his automobile when it was struck

there without fault on his part while he was moving it at the request of another officer, could properly be found to have been injured "in the performance of his duty" within G. L. c. 41, § 111F, and to be entitled to the benefit of that section. [416]

BILL IN EQUITY filed in the Superior Court on August 3, 1967.

The suit was heard by *Hennessey*, J.

The case was submitted on briefs.

*Harry J. Meleski*, City Solicitor, *Henry P. Grady, Arthur F. Koskinas, Andrew F. McCarthy*, & *Stanton H. Whitman*, Assistant City Solicitors, for the City of Worcester & others.

*Terence F. Riley* for the plaintiff.

REARDON, J. This is a bill in equity for a declaratory decree brought under G. L. c. 231A, § 1, seeking a declaration that the plaintiff was eligible for his pay as a policeman under G. L. c. 41, § 111F,[1] at the time he was injured on November 1, 1962, in Worcester. Following a hearing by a Superior Court judge a decree was entered that the plaintiff "was entitled to his full pay under Chapter 41, Section 111F for the period of his disability which started on November 1, 1962, up to February 13, 1963, for a period of fifteen (15) weeks," and that the records of his accumulated sick leave should be corrected accordingly. The evidence is reported and there was a report of material facts. The defendants have appealed from the final decree.

There was evidence that on the night of November 1, 1962 the plaintiff, after a conversation with a police sergeant who was his superior in the Worcester department, proceeded to an assignment to traffic duty on Route 20 in Worcester to be carried out in conjunction with a traffic survey which was then and at that point under way for the State. He was to relieve another police officer at 10 P.M. and work until 7 A.M. the following morning. He was doing

---

[1] The statute in its pertinent provisions reads as follows: "Whenever a police officer . . . of a city . . . is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own, or a police officer . . . assigned to special duty by his superior officer, whether or not he is paid for such special duty by the city . . . , is so incapacitated because of injuries so sustained, he shall be granted leave without loss of pay for the period of such incapacity . . . ."

this work as extra duty, outside his regular hours, for addi-
tional compensation. It was necessary that he drive his own
car to this work. After his arrival, while moving his car at
the request of the officer he was relieving, it was struck in
the rear by another automobile and the plaintiff was hos-
pitalized as a result of injuries sustained in the impact.
The judge found that the plaintiff suffered his injury while
"acting as ordered by his superiors in the Police Depart-
ment . . . acting in the performance of his duty and with-
out fault on his part."

We deal at the threshold with several of the defendants'
contentions which seem to us to lack merit. The defendant
city argues that the plaintiff sustained his injuries through
his own fault "by parking his automobile so as to create a
traffic hazard in the correction of which . . . [he] was
injured." However, assuming violation of an ordinance, this
was simply evidence to be considered. It was a question
of fact whether it was a cause of the mishap as opposed to
a mere condition. *Newcomb* v. *Boston Protective Dept.* 146
Mass. 596, 604. *Leveillee* v. *Wright*, 300 Mass. 382, 387–389.
There was a specific finding by the judge that the plaintiff
was without fault in the accident, a finding which was amply
supported by the evidence. Furthermore, it is far from
clear that the plaintiff violated any ordinance or was other-
wise negligent in the manner in which he parked his car.

It is also argued by the defendant city that it was injuri-
ously affected by the fact that the plaintiff returned to his
position of patrolman in February of 1963 and did not bring
suit until August, 1967. But the plaintiff did not know
that he was not being paid under c. 41, § 111F, and that
his sick leave increments were being charged. Whether
the defence of laches was established was a question of fact
for the judge. *McGrath* v. *C. T. Sherer Co.* 291 Mass. 35,
59–60. The burden of proof was on the defendant, and
while the judge below made no specific finding relative to
laches, that he ordered a decree in favor of the plaintiff
is sufficient indication that he was not impressed by the
defendant's contention in this regard. Certainly the de-

fendant city suffered no hardship. *Moseley* v. *Briggs Realty Co.* 320 Mass. 278, 283, and cases cited.

The defendant city further invokes the defence of res judicata based on two prior actions brought in the District Court by the plaintiff in contract for the same cause, one of which was ordered dismissed without prejudice and the second "discontinued without prejudice to allow the plaintiff equitable relief in the Superior Court." In support of this contention the defendant city cites *Mackintosh* v. *Chambers*, 285 Mass. 594, and *Siegel* v. *Knott*, 318 Mass. 257. However, in these cases the prior action was decided on the merits, which barred the plaintiff in the second action. The nature of the dismissal and discontinuance of the District Court actions makes it clear that the present suit is not barred where the dismissal and discontinuance were "without prejudice." *Kempton* v. *Burgess*, 136 Mass. 192. *Lakin* v. *Lawrence*, 195 Mass. 27. *Corey* v. *Tuttle*, 249 Mass. 135. We conclude that res judicata does not apply in this case.

The nub of the plaintiff's contention is whether it can be found, as the judge found, that he was in the performance of his duty when injured. *Boston Retirement Bd.* v. *Contributory Retirement Appeal Bd.* 340 Mass. 109, held that language similar to that of G. L. c. 41, § 111F, is to be interpreted in a more restrictive sense than the language of § 26 of the Workmen's Compensation Act, G. L. c. 152. As was there stated, the statute is to be so interpreted that recovery is predicated on the fact that the employee's injuries resulted from his duties and also that they were sustained while in the performance of those duties. These are conjunctive requirements. Certain decisions elsewhere are helpful. See *People ex rel. Donovan* v. *Retirement Bd.* 326 Ill. 579; *State ex rel. Schoedinger* v. *Lentz*, 132 Ohio, 50. In the latter case a policeman shot himself to death at home while cleaning his gun, and his death was held to have occurred "while in the performance of his duty."

It should be noted that the act which we interpret here, as originally proposed, contained language which would

have permitted continued compensation to police and firemen incapacitated due to "injuries incurred or illnesses contracted through no fault of their own in the *actual* performance of duty (emphasis supplied)." However, the statute as finally enacted changed the requirement for compensation to "injury sustained in the performance of his duty without fault of his own."

Of moment also is the view defined in *Hayes* v. *Lumbermens Mut. Cas. Co.* 310 Mass. 81, where an insurance policy barred recovery if the insured met his death while performing his duty as a policeman. The insured had a special assignment of traveling about the State to lecture on safety and was killed after leaving a meeting held in connection with his work and while on his way to a relative's home to spend the night. Recovery was barred under the policy. The *Boston Retirement Bd.* case has distinguished the *Hayes* case on the ground that in the *Hayes* case it could not be said that the insured's duties had come to an end when the accident occurred. In the present case the plaintiff had reported on orders of his superior in his uniform to an assignment pursuant to a contract between the city and a firm engaged in conducting traffic surveys. He was to carry out his work in a location which necessitated his driving his car to a point some miles from the city. He arrived on that location consequent upon the instructions given to him by his superior and was there injured. It is our view that there was no error in the finding of the judge that he was "in the performance of his duty" when the injury occurred.

*Decree affirmed with costs.*