*Northern District*

## No. 8413

# ANTHONY G. CARVALHO
## v.
# CITY OF CAMBRIDGE

Argued: March 25, 1976. Decided: October 25, 1976.

Case tried to *Sherman, J.,* in the Third District Court of Eastern Middlesex. Number: 562 of 1974.

Present: Cowdrey, P.J., Flynn, Forte, J.J.

**Forte, J.** This is an action brought to recover compensation allegedly due under G.L. c. 41, §§ 111E and 111F.

The parties submitted the case on a statement of agreed facts, as follows:

"The plaintiff, Anthony G. Carvalho, is presently a retired firefighter of the defendant, City of Cam-

bridge. On or about October 4, 1972, the plaintiff, while engaged in his duties as a firefighter, inhaled an unspecified amount of smoke while working a fire at 6 Mullins Court. See attached report of Cambridge Firemen's Relief Association marked Exhibit "A". A medical report of Timothy F. Crane, M.D., dated October 5, 1972, attached hereto and marked Exhibit "B" recommended that the Plaintiff be retired due to his medical condition.

"The plaintiff was placed on 'injured leave' from October 5, 1972, to November 4, 1972. By orders of the Chief of the defendant Fire Department, the plaintiff's status was changed from 'injured leave' to 'vacation' for a period of November 5, to November 11, 1972. He was subsequently returned to 'injured leave' status November 12, 1972. The rules and regulations of the Cambridge Fire Department relative to 'injured leave' and 'vacation' are contained in Section VI, Rules 11, 12, 13, and 14, and 15 attached hereto and marked Exhibit "C".

"The Chief of the defendant's Fire Department chose not to apply to the Cambridge Retirement Board for involuntary retirement of the plaintiff upon receipt of Dr. Crane's report.

"On January 31, 1973, the Cambridge Retirement Board voted to accept the medical panel report and retired the plaintiff for accidental disability. The Fire Chief notified the Retirement Board that the plaintiff would be placed on vacation time from January 31, 1973 to March 8, 1973. The plaintiff's retirement became effective March 8, 1973. See letter from Retirement Board attached and marked Exhibit "D". A general order marked Exhibit "E" relating to vacation is also attached."

The pleadings challenge the validity of the defendant's action in assigning vacation time to the plaintiff for the period during which the plaintiff was disabled, to wit: November 5-12, 1972 and January 31-March 8, 1973. Through this challenge, the plaintiff seeks compensation for said vacation time.

Both parties submitted requests for rulings on which the justice declined to rule and it is reported that the statement of agreed facts contains all the ultimate material facts upon which the parties rely.

The case was heard on a statement of agreed facts which the trial justice reported he treated as containing all of the material ultimate facts upon which the parties depended. He treated the matter as a "case stated." *Pequod Realty Corp. v. Jeffries,* 314 Mass. 713 (1943); *Richardson v. Lee Realty Corp.,* 364 Mass. 632 (1974).

It is the duty of the trial justice to order the correct judgment upon a "case stated" and requests for rulings have no standing. *Associates Discount Corp. v. Gillineau,* 322 Mass. 490, 491 (1948). Therefore, there was no error in the justice's declining to rule on the submitted requests.

G.L. c. 231, §126 allowed judges, in the first instance or on appeal, to draw inferences from facts stated unless the parties expressly agree that no inferences shall be drawn. However, this section was repealed by St. 1973, c. 1114, §205, effective July 1, 1974 which was prior to the hearings on the merits of this action, to wit: September 25, 1975. However, St. 1973, c. 1114, §198 effective July 1, 1974 amended c. 231, §110 defining the Appellate Division powers whereby the Appellate Division may ". . . draw inferences from cases stated by agreement of the parties, . . ."

According to the agreed facts (including Exhibits A through E part thereof and attached thereto), the plaintiff was injured in the performance of his duty

without falt of his own. Therefore, he was entitled to leave without loss of pay under G.L. c. 41, §111F. *Wormstead v. Saugus,* Mass. Ad. Sh. (1975) 123. G.L. c. 41, §114F states in addition: The injured firefighter . . . "shall be granted leave without loss of pay for the period of such incapacity; provided no such leave shall be granted for any period after such . . . firefighter has been retired . . . . All amounts payable under this section shall be paid at such times and in the same manner as, and for all purposes shall be deemed to be, the regular compensation of such . . . firefighter . . . ."

Therefore, for the duration of his incapacity, whether total or partial incapacity, the plaintiff should have been granted leave without loss of pay. *Votour v. Medford,* 335 Mass. 403, 406 (1957).

Nothing in Exhibit C "Rules and Regulations of the Cambridge Fire Department", specifically Section VI, Rule 14 authorizes the Fire Chief to change the mandatory injured leave of G.L. c. 41, §111F to vacation. Rule 14 states "The annual vacations for department members shall begin at such time and be of such duration as the Chief may designate." — is authorized pursuant to G.L. c. 41, §111A — so that vacations are scheduled "with the least interference with the performance of the regular work of such force."

According to Exhibit B—the doctor's certificate— the plaintiff's condition is chronic obstructive pulmonary disease and chronic bronchitis aggravated by smoke inhalation, and according to Exhibit D the Retirement Board accepted the Medical Panel Report and upon the plaintiff's application for retirement dated October 15, 1972, granted disability retirement effective March 8, 1973.

Therefore, the plaintiff is entitled to be paid for the periods of vacation that the Fire Chief determined he was entitled to and erroneously changed from injured leave to vacation and this payment is at his regular

compensation payable to him at the time of his termination of employment—March 8, 1973.

There being error, the finding for the defendant is vacated and the action is returned to the trial court for a finding for the plaintiff and determination of damages consistent with G.L. c. 41, §§ 111D, 111E and 111L.