ANTHONY G. CARVALHO *vs.* CITY OF CAMBRIDGE.

Middlesex.    April 6, 1977. — April 29, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Firefighter,* Injury leave, Vacation.

A firefighter who was injured in the performance of his duty without fault of his own was entitled to leave without loss of pay for the duration of his incapacity under G. L. c. 41, § 111F, and his time or injury leave did not constitute "monetary or other allowance" for vacation within the meaning of c. 41, § 111E. [465-466]

CONTRACT.   Writ in the Third District Court of Eastern Middlesex dated February 12, 1974.

The action was heard by *Sherman, J.*

*Edward A. Cunningham* for the defendant.

*Matthew J. Ferraro* for the plaintiff.

*Neil Rossman,* for Cambridge Fire Fighters Local #30, I.A.F.F., AFL-CIO, amicus curiae, submitted a brief.

BRAUCHER, J.   The plaintiff, a firefighter, was incapacitated for duty because of injury sustained in the performance of his duty, without fault of his own, and hence was granted "leave without loss of pay" under G. L. c. 41, § 111F, as appearing in St. 1964, c. 149. We affirm a decision of the Appellate Division of the District Courts, Northern District, that the fire chief erroneously changed part of the leave period from injured leave to vacation.

The case was tried in a District Court on a statement of agreed facts. The plaintiff inhaled smoke while working at a fire on October 4, 1972, and was placed on injured leave on October 5, 1972. His application for disability retirement, dated October 15, 1972, was granted January 31, 1973, effective March 8, 1973. By orders of the fire chief he was placed on vacation from November 5 to November 11, 1972, and from January 31 to March 8, 1973.

The judge found for the defendant. On appeal the Appellate Division vacated the finding and returned the action to the trial court for determination of the plaintiff's damages. The defendant appealed to this court, and we were informed in argument that there is no controversy as to the amount of damages.

The plaintiff was injured in the performance of his duty without fault of his own, and was ·therefore entitled to leave without loss of pay, for the duration of his incapacity, whether his incapacity was total or partial. *Wormstead* v. *Town Manager of Saugus,* 366 Mass. 659, 662 (1975). *Votour* v. *Medford,* 335 Mass. 403, 406 (1957). Nothing in the statute authorized the city to change the injured leave to vacation. Cf. *Pettinella* v. *Worcester,* 355 Mass. 412, 414 (1969) (payment for sick leave instead of injury leave).

Under G. L. c. 41, § 111F, the injury leave terminated when the plaintiff was retired, effective March 8, 1973. At that time, if he had not been granted the vacation to which he was entitled, he was to be "paid, at the regular rate of compensation payable to him at the termination of his employment, an amount in lieu of such vacation." G. L. c. 41, § 111E, as amended through St. 1956, c. 45. We do not regard time on injury leave as a "monetary or other allowance" for vacation within § 111E.

*Order of Appellate Division affirmed.*