**Charles R. Jannino, Clerk**
**Appellate Division**

**Charles W. CASSIDY**
**Louis A. COLLELLA**
**v.**
**CITY OF NEWTON**

**No. 8655**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**October 16, 1981**

**Matthew J. Ferraro, Esq.** counsel for plaintiff

**G. Michael Peirce, Esq.** counsel for defendant

## OPINION

**Forte, J.** This is an action that has been instituted under G.L. c. 41, Secs. 111E and 111F, in which the plaintiffs are retired firefighters and are claiming lost wages which were denied them. The plaintiffs were injured in the line of duty and were out on injured leave. Upon retirement, they seek compensation for their vacation time they were unable to take because of their injuries. While on injured leave in the years 1971 (3 weeks), 1972 (4 weeks) and 1973 (4 weeks), the fire chief changed their absence from injured reserve leave to vacation leave, even though they were still injured.

The matter was submitted on a statement of agreed facts without any additional evidence; therefore submitted as a case stated.

The parties agree this case raises the same issues as decided in **Carvalho v. City of Cambridge,** 372 Mass. 464 (1977), affirming a decision of this Appellate Division in 59 Mass. App. Dec. 46 (1976).

The defendant distinguishes this instant case from **Carvalho** in that the City of Newton had an ordinance that states: "The vacation periods allowable under Sections 2-52 and 2-54 shall not be cumulative, but shall be taken only in the calendar year in which the employee first became entitled thereto." Further that the collective bargaining agreement covering the firefighters states: "All members shall be entitled to vacations annually as now provided by the laws of the City of Newton."

In examining the exhibits in the **Carvalho** case, exhibit C, we find there too vacations had to be taken in the year in which the vacation accrued.

However, in assuming, **arguendo,** that the ordinance of the City of Newton did provide that vacation time, even while injured, had to be taken in the year accrued, such would be contrary to the General Laws, particularly G.L. c. 41, Secs. 111E and 111F. Cities cannot adopt ordinances contrary to the General Laws, G.L. c. 43B, Sec. 13. See also, G.L. c. 40, Sec. 21A, where cities cannot adopt ordinances regarding working conditions of firemen that provide leave without loss of pay less than provided by the General Laws.

We are of the opinion that the decision of **Carvalho v. City of Cambridge, ibid,** controls this action.

The finding for the defendant is vacated and the action is returned to the trial judge for hearing to determine the amount of damages to be awarded the plaintiffs in lieu of vacations for the years in question, pursuant to G.L. c. 41, Sec. 111E.

