Cowdry, P. J.
This is an action to recover unpaid vacation benefits allegedly owed to the plaintiff by the defendant, Town of Marblehead, under G. L. c. 41, § 11 IE.
The plaintiff was employed by the defendant as a full time police officer from 1963 until his retirement on January 23, 1980 due to involuntary accidental disability. The plaintiff sustained those injuries which led to his disability retirement while performing his duties as a police officer on January 14,1978. As a result of these injuries, the plaintiff never returned to active duty.
The plaintiff received his regular salary from January 14,1978 through the date of his retirement on January 23,1980. The plaintiff received, however, no vacation pay from the defendant for the years 1978,1979 and 1980. Vacation benefits for these three years would have totaled $3,099.79.
*16 Chapter 43A of the By-Laws of the Town of Marblehead, which specifies certain “Employees Benefits,” provides as follows in Sections 1 and 2:
Section 1 — Vacations.
Section III of Chapter 41 of the General Laws which governs vacation reads in part as follows:
‘In any city or town which has accepted Chapter 217 of the Acts of 1914, every permanent civil service employee as well as every person classified as a common laborer, skilled laborer, mechanic or craftsman, shall be granted a vacation of not less than two weeks without loss of pay in each calendar year if he has actually worked for such city or town for thirty weeks in the aggregate during the twelve months preceding the first day of June in such year.’
Sectioh 2 — Vacations.
Three (3) weeks vacation shall be granted without loss of pay to Town employees and members of the regular and permanent Fire and Police forces of the Town who have served the Town ten (10) years and four (4) weeks vacation shall be granted without loss of pay to Town employees and members of the regular and permanent Fire and Police Forces of the Town who have served the Town fifteen (15) years. Adopted at Town Meeting March 8, 1965. Article II.
On the basis of these By-Law provisions, the trial court entered subsidiary findings in the defendant’s favor which included the following:
Although I find that the defendant has accepted provisions of G.L.c.
41, § 111 as set forth in the above by-law, I find that the defendant has not accepted §§111A, HID or 111G of Chapter 41 of the General Laws. Further, I find that the defendant has not adopted a by-law that provides vacation pay in accordance with §§111A, HID or 111G, nor has the defendant provided for payment pursuant to G.L.C. 41, §111E.
The defendant’s by-law states clearly that the plaintiff would only be entitled to vacation pay if he ‘actually worked’ for the defendant for the designated period of time during the designated period. The plaintiffs own testimony shows that he did not actually work for the defendant from the time of his unfortunate injury until he retired due to involuntary accidental disability.
For these reasons, I find that the plaintiff is not entitled to recover vacation pay for the years 1978, 1979, and 1980. I find for the defendant.
The plaintiff thereafter requested a report to this Division, claiming to be aggrieved by the trial court’s disposition of his requested rulings numbers 2, 4 and 8 as follows:
2. There is no evidence to warrant a finding for the defendant. DENIED.
3d. The plaintiff accrued vacation payfor the years 1978,1979,and 1980 under the provisions of G. L. Chap. 41, § 111E.
DENIED, AS A FINDING OF FACT.
4. The plaintiff is entitled to vacation pay as a retired police officer under the provisions of G. L. Chap. 41, § 111E.
DENIED. PLEASE SEE MY FINDINGS.
8. The plaintiff is entitled to accrued vacation pay for the years 1978, 1979, and 1980.
DENIED. PLEASE SEE MY FINDINGS.
*17 1. The plaintiffs initial contention on this appeal is that, contrary to the ruling of the trial court, the provisions of G. L. c. 41, § 111 as accepted by the defendant Town of Marblehead in Chapter 43A, Section 1 of its By-Laws are inapplicable to the plaintiff as a former police officer. We agree.
The enactment of § 111A in its original form in 1929 and in its amended form in 1934 indicated a legislative attempt to establish, a separate law to regulate the vacations of members of regular and permanent police and fire forces .... Section 111A embodies a separate and independent law governing police and firemen as such. The inclusion of ‘all permanent civil service employees’ within the sweep of § 111 by the amendment was not. . . intended by the Legislature to render the two sections inconsistent, and the quoted phrase as so used was intended to be read as not including within its meaning the regular and permanent police and fire forces for whom special provision had already been made in the separate enactments embodied in.section 111A [emphasis supplied].
12 Op. Att’y Gen. 16, 17 (1948). Thus the G. L. c.41, § 111 phrase “all permanent civil service employees” is not to be construed as including policemen and firefighters. As a former police officer, the plaintiffs entitlement to vacation benefits herein was not restricted to years in which he “actually worked” under Chapter 43A, § 1 of the defendant’s By-Laws.
Our analysis of By-Law Chapter 43A, § 1 in light of the above quoted 1948 Opinion of the Attorney General is not altered by the fact that the defendant, Town of Marblehead, has not accepted the provisions of G. L. c 41, § 111A which expressly governs the vacation benefits to be accorded municipal police and firefighters. Although Marblehead has not adopted § 111A, it has promulgated a separate and distinct By-Law to cover vacations for its regular and permanent fire and police forces; namely, Chapter 43A, § 2. Thus the principle employed in the Attorney General’s statutory construction is applicable herein. As the Town Selectmen have chosen to enact both a general provision for employee vacation benefits and a subsequent, specific provision for police and firefighter vacation benefits, logic requires the determination that police officer vacations are controlled exclusively in Marblehead by the subsequently enacted, specific By-Law. See generally, Pereira v. New England LNG Co., 364 Mass. 109, 118-119 (1973); First Nat’l Bk. of Boston v. Judge Baker Guidance Ctr., 13 Mass. App. Ct. 144, 153 (1982). If the defendant-Town had intended portions of Chapter 43A, § 1 to pertain to § 2, or had not intended these sections to be separate and exclusive, the Town could have, and should have, expressly so provided.
2. Our ruling that the plaintiffs vacation benefits are governed by By-Law. Chapter 43A, § 2 does not,- however, compel a reversal of the trial court’s-finding for the defendant herein. The plaintiff sought in :his complaint and, requested rulings a determination by the trial court that he was entitled to compensation in lieu of accrued vacation pursuant to G. L.,c. 41, § 11 IE. We-hold that the provisions of § 111E are inapplicable to the plaintiff, and that a finding for the defendant herein was thus required as a matter of law.
General Laws c. 41, § 11 IE states, in relevant part:
Whenever the employment of any person subject to section one. hundred and eleven or sections one hundred and eleven A, one hundred and eleven D or one hundred and eleven G. is terminated during a year by . . . retirement... without his having been granted the vacation to which he is entitled under such section, he,. .. shall *18 be paid at the regular rate of compensation payable to him at the termination of his employment, an amount in lieu of such vacation . . . The provisions of this section shall also apply to any person not subject to any of the aforesaid sections whose service is terminated as aforesaid without his having been granted the vacation to which he is entitled under a by-law, ordinance or executive order; provided that such by-law, ordinance or executive order so provides [emphasis supplied]-.
The defendant-Town never accepted the permissive legislation embodied in § § 111A, 11 ID'or 111G or G.L.c. 41; and we have concurred with the plaintiffs assertion that § 111 is inapplicable to police officers in the Town of Marblehead-Pursuant to § 11 IE, the plaintiffs entitlement to compensation in lieu of accrued vacation upon retirement thus hinges on whether a Marblehead “by-law, ordinance or executive order so provides” for such compensation. Section 2 of Chapter 43A of the defendant’s By-Laws simply sets forth a schedule of increasing vacation allotments commensurate with years of service. Neither this By-Law, nor any other town ordinance or executive order brought to the attention of this Division, provides for the accrual of vacation benefits and for the payment of compensation in lieu of vacation benefits to a retiring police officer. In the absence of a town provision which “so provides” for the applicability of G. L. c. 41, § 11 IE, the plaintiff can be deemed neither a person whose employment was subject to § 11 IE nor a person entitled to such statutory benefits upon retirement.
The cases relied upon by the plaintiff for a contrary ruling are inapposite. Neither Carvalho v. Cambridge, 59 Mass. App. Dec. 46 (1976), aff'd 372 Mass. 464 (1977); nor Cassidy v. Newton, 1981 Mass. App. Div. 234, aff'd 386 Mass. 1002 (1982) stand for the proposition apparently advanced by the plaintiff that § 11 IE is fully and automatically applicable to all municipal and town employees. No issue was raised in those cases as to whether or not the plaintiffs, as retired firefighters, were persons whose employment was subject to those sections of Chapter 41 which are specifically enumerated in § 11 IE or whether the plaintiffs were covered by § 11 IE by virtue of a similar municipal or town by-law, ordinance or executive order. It is in fact clear in the Carvalho case that the City of Cambridge had accepted G. L. c. 41, § 111A, thus automatically rendering the plaintiff therein entitled to the benefits of § 11 IE. Carvalho v. Cambridge, supra at 49.
The construction of G. L.c. 41, § 11 IE advanced by the plaintiff herein would also impermissibly reduce most of the statute to redundancy or meaningless surplusage. See generally, as to rules of statutory construction, Casa Loma, Inc. v. Alcoholic Beverages Control Comm., 377 Mass. 231, 234 (1979); Matter of Yankee Milk, 372 Mass. 353, 358 (1977); Roblin Hope Indus., Inc. v. J. A. Sullivan Corp., 6 Mass. App. Ct. 481, 486 (1978). The plaintiff argues that the language “provided that such by-law, ordinance or executive order so provides” refers simply to municipal or town enactments which “so provide” for vacation benefits.[1] The plaintiff would thus expand the scope of § 11 IE to *19 grant severance vacation compensation to all town or city employees who ever enjoyed vacation benefits. If such had been the legislative intent, no purpose would have been served by the specific and limited enumeration of G. L. c. 41 sections covering categories of employees to which § 11 IE applies. The thrust of § 11 IE is permissive. Each statutory employment category listed derives from permissive statutes which must be accepted by a town or municipality; namely, § § 111, 111A, 111D and 111G. The latteK*portion of § 111E simply recognizes that a town or municipality may elect to accord separated employees the right to compensation for accrued Vacation time, but may wish to do so without accepting the provisions of § § 111, 111A, 111D and 111G.
The right to compensation in lieu of accrued vacation benefits upon retirement or other employment termination was not a common law employee entitlement which existed prior to the enactment of G. L. c. 41, § 11 IE. In creating this employee benefit, the Legislature has chosen not to make the extension of the same mandatory for cities and towns. Cities and towns have been instead permitted to extend this benefit either indirectly, by accepting certain specific sections of G. L. c. 41; or directly by promulgating an ordinance or by-law which expressly tracks or embodies the provisions' of § 11 IE. The Town of Marblehead has pursued neither of these two-§ 11 IE alternatives.[2] Consequently, the plaintiff herein, as an employee of the Town, enjoyed no right to compensation in lieu of accrued vacation benefits upon his disability retirement from the police force.
As G. L. c. 41, § 11 IE is inapplicable to the case sub judice, the trial court properly denied the plaintiffs claim for § 11 IE benefits. [1] •
Report dismissed.

The plaintiffs interpretation of § 11 IE reduces the latter portion of the statute to something similar to the following: “the provisions of this section shall also apply to any person not subject to any of the aforesaid sections whose service is terminated as aforesaid without his havingbeeri granted the vacation to which he is entitled under a by-law, ordinance or executive order;” provided that he is entitled to a vacation under such by-law, ordinance or executive order. Elementary rules of statutory construction preclude the reduction of such a significant portion of a statute to the realm of the superfluous. See, generally, Devaney v. Watertown, 13 Mass. App. Ct. 927, 928 (1982).

As noted above, Marblehead's acceptance of § 111 is irrelevant herein as the plaintiffs employment as a police officer was not subject to By-Law Chapter 43A, Section 1, which adopted G. L c. 41, § 111.