NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-1825                                    Appeals Court

HULL RETIREMENT BOARD  vs.  CONTRIBUTORY RETIREMENT APPEAL BOARD & others.[1]


No. 13-P-1825.      September 16, 2014.


Contributory Retirement Appeal Board.  Municipal Corporations, Retirement board, Police.  Police, Retirement.  Public Employment, Paid leave, Accidental disability retirement, Retirement.  Retirement.


The Hull retirement board (board) appeals from a Superior Court judgment affirming a decision of the contributory retirement appeal board (CRAB) upholding a division of administrative law appeals (DALA) magistrate's determination requiring the board to amend the effective retirement date of defendant David Leary.  We affirm.

1.  Background.  Leary was a police officer in the town of Hull (town).  On November 19, 2001, he sustained an injury on the job and was placed on accidental injury leave with full pay.  See G. L. c. 41, § 111F, as amended through St. 1990, c. 313.  Leary remained on § 111F leave until April 15, 2003, when the chief of police (chief) removed him from paid injury leave status and placed him on an unpaid leave of absence.  Leary believed the chief's action did not comply with the law, and sought to have the town reinstate his § 111F benefits.  In the meantime, in July, 2003, Leary applied for accidental disability retirement under G. L. c. 32, § 7.  The board approved Leary's application on January 30, 2004.  His disability retirement allowance became effective as of April 15, 2003, the last day

_____

[1] David Leary and the public employee retirement administration commission.

that Leary received compensation in the form of his § 111F benefits.

Notwithstanding his application for retirement and the subsequent approval of that application, Leary continued to seek payment of § 111F benefits from the town, specifically for the period between April 15, 2003, and January 30, 2004. An agreement for payment initially was reached but unraveled when, on the advice of defendant public employee retirement administration commission (PERAC), the board refused to change Leary's effective retirement date from April 15, 2003, to January 30, 2004. In 2006, Leary filed suit, seeking enforcement of his agreement with the town.

In March, 2008, Leary and the town entered into a settlement agreement, later reduced to a judgment, whereby the town would pay Leary $44,424.47 in additional § 111F benefits to cover the period from April 15, 2003, to January 30, 2004. Pursuant to the agreement, the funds were placed in an escrow account, with release to Leary "pending the outcome of Leary's efforts to get the [board] and/or Commonwealth of Massachusetts, either through its administrative agencies and/or judicial system, to recalculate his retirement benefits based on Leary's receipt of the additional Section 111F benefits." Leary presented his case to the board; it again refused. Leary appealed the board's decision to DALA[2] and, following a hearing, a DALA magistrate ordered Leary's retirement date to be corrected to January 30, 2004, and his retirement allowance recalculated accordingly. CRAB affirmed the DALA decision; a judge of the Superior Court likewise affirmed CRAB's decision. This appeal followed.

2. Discussion.[3] General Laws c. 41, § 111F, governs leave with pay status for police officers and firefighters injured in the line of duty through no fault of their own. The statute provides for payment until a recipient is either "retired or pensioned" or "such incapacity no longer exists"; amounts

_____

[2] Leary also appealed to DALA the board's first refusal to change his retirement date; the two cases later were consolidated.

[3] "We review CRAB's decision under a deferential standard and will reverse only if its decision was based on an erroneous interpretation of law or is unsupported by substantial evidence." Foresta v. Contributory Retirement Appeal Bd., 453 Mass. 669, 676 (2009). See G. L. c. 30A, § 14(7).

payable under § 111F "shall be paid at the same times and in the same manner as, and for all purposes shall be deemed to be, the regular compensation of such police officer or fire fighter." General Laws c. 32, § 7, provides accidental disability retirement for qualified members in service. Leary's effective retirement date under G. L. c. 32, § 7, is "the date . . . he last received regular compensation for his employment in the public service."[4] G. L. c. 32, § 7(2), as amended through St. 2000, c. 123, §§ 23A, 24. The DALA magistrate, CRAB, and the Superior Court judge each determined that the escrowed supplemental § 111F payments constituted "regular compensation" received by Leary, as provided by § 111F, such that Leary's effective retirement date was required to be changed to January 30, 2004, to comport with the requirements of G. L. c. 32, § 7(2). We agree.

The town having concluded that Leary was entitled to the additional § 111F benefits, the parties crafted a settlement agreement memorializing that entitlement and the means of payment. To avoid an apparent windfall, and to take into account the board's role in recalculating Leary's retirement benefit, the terms of the agreement include provisions for either repayment to the board of any prior retirement amounts incorrectly paid or reversion of the escrow funds to the town. The agreement does not, however, vest the board with the authority to veto Leary's entitlement to payment of the § 111F funds.[5] Thus, the board's position that Leary did not actually "receive[]" the additional benefits under the terms of the settlement agreement is unfounded.

---

[4] Under the statute, an individual's effective retirement date is determined by looking to whichever of the following occurred last: the above noted date of last receipt of regular compensation, the date the injury was sustained, or the date six months prior to the filing of the written application. The latter two do not apply here. See G. L. c. 32, § 7(2).

[5] The settlement agreement states: "The Town agrees to pay Leary the total amount of . . . ($44,424.47). This sum represents the compensation owed by the Town to Leary pursuant to the Town's Board of Selectmen's April 5, 200[5] vote approving [G. L.] c. 41, § 111F benefits for April 15, 2003 through January 30, 2004 for Leary . . . ." The judgment provides: "Judgment for the Plaintiff David S. Leary in the sum of . . . $44,424.47 . . . , without interest or costs, and all rights of appeal waived; and Judgment satisfied."

The board further argues that there is no explicit authority permitting it to change a member's effective retirement date.  The claim is without merit.  Nothing in the language of G. L. c. 32, § 7(2), limits a retirement board's ability to redetermine the effective retirement date and recalculate retirement benefits if circumstances so require.  See, e.g., Blair v. Selectmen of Brookline, 26 Mass. App. Ct. 954 (1988) (accepting, without comment, a board's ability to change an effective retirement date); G. L. c. 32, § 20[5][c][2], as appearing in St. 2000, c. 159, § 91 (allowing a retirement board to correct "an error . . . in the records . . . or an error . . . made in computing a benefit").[6]

Judgment affirmed.

Michael Sacco for Hull Retirement Board.
Terence E. Coles for David Leary.

---

[6] We express no opinion whether an "error" was made in this case, thereby triggering the provisions of G. L. c. 32, § 20(5)(c)(2).